Guenesa, Appellant, *v.* Ralph V. Rulon, Inc. et al.

570

Argued December 9, 1936.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, James and Rhodes, JJ.

*S. Khan Spiegel,* for appellant.

*George H. Detweiler,* for appellees.

Opinion by Baldrige, J., January 29, 1937:

The only question involved in this workmen's compensation case is whether the claimant met with an accident in the course of his employment. The conclusion of the compensation authorities was favorable to the claimant. The learned court below, in reversing, held that under the undisputed facts he was not entitled to an award. We all think the court was right.

The appellant, an employee of defendant company for a number of years, lived in Philadelphia and worked at defendant's plant at Marcus Hook. His hours were from 7 a. m. to 4 p. m. He received a salary of $50 per week, and, in addition, his employer reimbursed him for carfare he paid between Philadelphia and Marcus Hook.

On April 18, 1935, the claimant left his work at the usual quitting time, stopping about twenty-five minutes at the house of friends from whence he proceeded to the station at Marcus Hook. In attempting to board the 4:55 train when it was in motion to return to Philadelphia, he was thrown to the platform and was injured.

The general rule is that an employer is not liable for an accident occurring off its premises to an employee going to and from work: *Cronin v. American Oil Co.,* 298 Pa. 336, 148 A. 476; *Haley v. Phila.,* 107 Pa. Superior Ct. 405, 163 A. 917. An exception to that rule is where the facility for transporting the employee is provided by the employer as a part of the agreement of employment, and the transportation is for the interest of the employer as well as the employee: *Knorr v. Central R. R. of N. J.,* 268 Pa. 172, 110 A. 797; *Dunn v. Trego et al.,* 279 Pa. 518, 124 A. 174; *Logan v. Pot Ridge Coal Co. et al.,* 79 Pa. Superior Ct. 421; *Garratt v. McCrady Const. Co. et al.,* 114 Pa. Superior Ct. 579, 174 A. 808; *Bock v. Reading,* 120 Pa. Superior Ct. 468, 182 A. 732.

The important distinction between this case and *Bock v. Reading* and *Knorr v. Central R. R. of N. J.,* chiefly relied upon by the appellant, is that in those cases the plaintiffs had no regular hours of employment; they were subject to call at any time, while here plaintiff's work was between definite hours; at 4 o'clock he was through for the day.

In the Trego case, the court expressly recognized the rule that where transportation is not furnished by the

employer, and the employee, having ended his day's duties, leaves the premises of his employer, and starts home, his employment will usually be regarded as ended. Here, while the employee was paid carfare in addition to his salary, the facility of transportation was not provided by the employer; it had no control or authority whatever over the train operated by the railroad company to accommodate the public.

In *Schott v. Penna. R. R.*, 76 Pa. Superior Ct. 582, the claimant was employed as a clerk by the defendant company, which gave him a pass on its road to and from his home which was some distance from his place of employment. His working hours were from 8:30 to 5:30, but at times he was able to leave earlier. On the day of the accident, he had taken a train at 4:30. When it reached his destination he left his seat in the car and attempted to crawl up on the bumpers of two cars of a freight train that had stopped on the track between the main one and the station platform, and was injured. The instrumentality there used by the employee was actually provided by the employer, but not for the purpose of conveying the employee to and from his work. We held that as his employment had ceased at a definite time, he had the status of a passenger returning from his place of employment, and, therefore, he was not entitled to compensation under the Workmen's Compensation Act.

In *Strohl v. East. Pa. Rys. Co.*, 270 Pa. 132, 113 A. 62, the plaintiff was employed by the Lehigh Coal & Navigation Company, and also performed a slight service for the railways company, for which he received an employee's pass to ride. While traveling home on one of defendant's cars, he was injured. It was held that, at the time of the accident, claimant was a passenger, not an employee; that as his traveling was not part of his work, he was not in the service of the company when the accident occurred, and, therefore, he was not

entitled to compensation. In the course of that opinion, Mr. Justice SIMPSON distinguished that case from *Knorr v. Central R. R. Co.*, supra, in that the claimant there had no regular hours of employment, but was required to hold himself in readiness at his home, to be called on duty at any time, and to respond at once when called, and hence he was on duty from the time he left home until he returned.

The present Chief Justice, in *Morucci v. Susquehanna Collieries Co.*, 297 Pa. 508, 512, 147 A. 533, cited with approval the Strohl case, and, in commenting thereon, said that the return home of the claimant was likened to a passenger's riding on the car with the rights appertaining to such persons; that the actual payment of compensation is not employment, although it is the consideration for the contract. "Had the employer paid to the employee in money the exact fare and he had purchased a ticket on which the return home was made, and an accident had occurred, the return would not have been in furtherance of the master's business."

This claimant, as above stated, was employed for a definite time. Having finished his work for the day, he was a free agent; he could have returned to Philadelphia or have gone where he saw fit as he was no longer that day in the service of defendant.

The learned counsel for appellant having failed to convince us that the court below committed error, the judgment is affirmed.