Hohman *v.* George H. Soffel Company et al.,
Appellants.

Argued March 25, 1946. Before MAXEY, C. J., DREW,
LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*David M. Kaufman,* for appellants.

*C. Dale Blair,* for appellee.

Opinion by Mr. Justice Jones, April 16, 1946:

In this case, the referee concluded that the claimant was entitled to compensation on the ground that the accident which caused the injuries for which claim was made had "occurred while the claimant was furthering the business of his employer". The referee accordingly made an award for admittedly total disability in accordance with the schedule prescribed by Section 306 (a) of the Workmen's Compensation Act of 1915 as amended (77 P.S. § 511). Upon successive appeals by the employer and its insurance carrier, the award was affirmed in turn by the Workmen's Compensation Board, the County Court of Allegheny County and the Superior Court. Because of the appellants' assertion that the decision could not be justified on the basis of prior rulings, we allowed an appeal.

The material facts of the case are not in dispute. They establish that the injuries for which compensation was awarded were suffered while the claimant was on his way to the then place of his particular work. On the basis of that fact, it is the appellants' contention that, at the time of the accident, the claimant was not ". . . actually engaged in the furtherance of the business or affairs of the employer . . ." within the contemplation of Sec. 301 of the Compensation Act (77 P.S. § 411). Relying on the general rule that an employer is not liable to an employee for compensation for injuries received off the employer's premises while the employee is going to or from his work, the appellants cite *Guenesa v. Ralph V. Rulon, Inc.*, 124 Pa. Superior Ct. 569, 571, 189 A. 524. But, as the *Guenesa* case also recognized, there are exceptions to that rule, and we agree with the Superior Court that the facts of the instant case bring it within an exception.

The claimant was a foreman plumber. As such, he worked for his employer at various places in and around Pittsburgh. He had no regular place of work but went from one job to another as directed by his

employer. He provided his own transportation for which he was reimbursed by the employer and he carried in his automobile the supplies and materials necessary for his work. It was customary for the employer to deliver such supplies and materials to the claimant's home. While engaged on a job to which he had been assigned, the claimant was not required to report regularly to the employer's office or place of business. He kept in touch with the employer's superintendent by telephone and in that way received his further instructions from time to time.

In December 1941 the claimant was directed by his employer to perform a job at Groveton, some eighteen miles from Pittsburgh. When that job was nearly completed (five or six hours of work yet remaining), the claimant communicated with the employer's superintendent who directed him to come to the shop after he had finished the Groveton job in order to get some materials to take with him to Butler, Pa., for his next job. The following morning (December 24, 1941) the claimant started from his home by automobile, taking with him materials, which he had at his home, for the Groveton job for the purpose of completing that work, intending to report later in the day at the employer's shop in obedience to the instructions of the superintendent. While on his way to Groveton, the claimant was struck by a passing automobile upon alighting from his own car after it had skidded on an icy road and thereby suffered the injuries here involved.

With the facts established, the question whether an injury to a workman is sustained in the course of his employment, as contemplated by the Compensation Act, is one of law: *Stahl v. Watson Coal Co.,* 268 Pa. 452, 454, 112 A. 14; *McDermott v. Sun Indemnity Company,* 131 Pa. Superior Ct. 60, 66, 198 A. 499. While we do not think that the facts of the instant case justify a conclusion that the claimant was on a "special mission" for his employer at the time of receiving his injuries, we do

think that he was at that time actually engaged in the furtherance of his employer's business and, therefore, entitled to compensation. It will be noted that in the "special mission" cases, the employee claiming compensation had a regular place of work but was injured while temporarily away therefrom on an errand or mission for the benefit of the employer. In such circumstances, that is, when the contract of employment contemplates both the regular work and the special missions, the right to compensation attends the employee.[1]

Here, however, the claimant had no regular place of work. His employment required him to be at one place one day on the employer's business and at a different place, perhaps miles distant, for like purpose on another or even a succeeding day. The service of the employer's interest in the circumstances shown necessarily made of the claimant a "roving" or "itinerant" workman. The travel to and from his home and the place of his current work was not the ordinary travel of a workman between his home and his regular place of work. The claimant's travel, for which he was reimbursed by his employer, was an essential part of the expeditious performance of his work in the furtherance of the employer's business, as was also his transportation of the supplies which were stored at his home for his use in his work. Under the established facts of this case, his home rather than his employer's shop was the usual starting and stopping place of his course of employment. Cf. *Healey v. Hudson Coal Company*, 130 Pa. Superior Ct. 462, 467-468, 198 A. 684. The claimant's status was analogous to that of a "travelling salesman" to whom

---

[1] Compare, e.g., *Haddock v. Edgewater Steel Co.*, 263 Pa. 120, 106 A. 196; *Messer v. Manufacturers' Light & Heat Company*, 263 Pa. 5, 106 A. 85; *Keely v. Metropolitan Edison Company*, 157 Pa. Superior Ct. 63, 41 A. 2d 420; *Miller v. Keystone Appliances, Inc.*, 133 Pa. Superior Ct. 354, 2 A. 2d 508; *McDermott v. Sun Indemnity Company*, supra; *Kelly v. Ochiltree Electric Company*, 125 Pa. Superior Ct. 161, 190 A. 166.

compensation is payable for injuries suffered while going about in the actual furtherance of his employer's business: *Cohen v. Central Home Furniture Company*, 146 Pa. Superior Ct. 499, 502, 503, 23 A. 2d 70; *Knowles v. Parker Wylie Carpet Co., Inc.*, 129 Pa. Superior Ct. 257, 261-262, 195 A. 445.

The judgment is affirmed.