379 A.2d 533

**HARMAN COAL COMPANY and Old Republic Companies, Respondents,**

v.

**James C. DUNMYRE and Workmen's Compensation Appeal Board, Appellants.**

Supreme Court of Pennsylvania.

Oct. 25, 1977.

J. Scott Leckie, Kenneth J. Yablonski, Washington, Benjamin L. Costello, Pittsburgh, for appellants.

George H. Thompson, Paul E. Sutter, Hirsch, Weise & Tillman, Pittsburgh, for respondents.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

612

## ORDER

PER CURIAM:

The petition for allocatur is granted, the order of the Commonwealth Court is reversed, and the award of Workmen's Compensation Appeal Board reinstated.[1]

On March 5, 1974 petitioner James C. Dunmyre filed a petition to modify his workmen's compensation award from 50% disability to total permanent disability.[2] The workmen's compensation referee granted the requested award and the Workmen's Compensation Appeal Board affirmed. The Commonwealth Court reversed, holding that there was insufficient evidence of increased disability to support the modification.

The evidence of Dunmyre's increased disability included Dunmyre's own testimony that he suffered from increased pain and loss of mobility. His doctor testified that Dunmyre's current physical condition was related to the accident for which he was claiming compensation, and that Dunmyre may have developed pseudoarthrosis since the time of the last award. On cross-examination by respondents' attorney, the doctor testified that Dunmyre's condition was not the same as previously.

We must take as true this evidence and all reasonable inferences therefrom. E. g., *Sierzega v. U. S. Steel Corp.*, 204 Pa.Super. 531, 205 A.2d 696 (1964). We therefore conclude that there was substantial evidence in the record to support this award.

The Commonwealth Court erred in concluding that Dunmyre had not made out a case of increased disability because his doctor testified that he believed Dunmyre had been completely disabled at the time of the previous award. See *Workmen's Compensation Appeal Board v. Gimbel Bros.*,

1. We hear this appeal pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 204, 17 P.S. § 211.204 (Supp.1977).

2. Act of June 2, 1915, P.L. 736, § 413, as amended, 77 P.S. § 772 (1952 & Supp.1977).

19 Pa.Cmwlth. 176, 338 A.2d 755 (1975); *Redwood Enterprises v. Darabant*, 7 Pa.Cmwlth. 421, 298 A.2d 675 (1973). To require the workmen's compensation referee to accept this part of the doctor's testimony would undermine the referee's power as factfinder to determine credibility and to accept or reject any portion of the testimony of any witness. See, e. g., *Moore v. McArthur Pile Corp.*, 193 Pa.Super. 512, 165 A.2d 275 (1960).

Order of Commonwealth Court reversed and the award of Workmen's Compensation Appeal Board reinstated.