597 A.2d 1116

JoAnn PETERSON, Appellant,

v.

WORKMEN'S COMPENSATION APPEAL BOARD
(PRN NURSING AGENCY), Appellee.

Supreme Court of Pennsylvania.

Argued March 8, 1991.

Decided Oct. 7, 1991.

Reconsideration or Reargument Denied
Dec. 2, 1991.

Louis M. Tarasi, Jr. and John D. Hendricks, Tarasi & Johnson, P.C., Pittsburgh, for appellant.

Harry J. Klucher, Lawrence Baldasare, Pamela G. Cochenour, Pietragallo, Bosick, & Gordon, Pittsburgh and Norman R. Haigh, Secretary, W.C.A.B., Harrisburg, for appellee.

Before NIX, C.J., and FLAHERTY, LARSEN, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

PAPADAKOS, Justice.

This is an appeal from an order of the Commonwealth Court affirming the order of the Worker's Compensation Appeal Board (Board), dismissing the claim of Appellant, JoAnn Peterson, for worker's compensation benefits. The Appellant, a licensed practical nurse employed by the Appellee, PRN Nursing Agency (PRN), fractured her left leg and left ankle in an automobile accident on September 19, 1980, while travelling to her assigned workplace.

Following four separate evidentiary hearings, a worker's compensation referee awarded the Appellant worker's compensation benefits, as provided in the Pennsylvania Worker's Compensation Act (Act) 77 P.S. § 1, et seq., after he concluded that the Appellant was in the course of her duties when the accident occurred. Therefore, as a conclusion of law, he determined that the claimant was entitled to total disability benefits commencing September 19, 1980, and continuing indefinitely into the future.

The Appellee appealed to the Board which determined that the Referee's "Findings of Fact" were, in actuality, "Conclusions of Law" and concluded that the Appellant was not entitled to total disability. It remanded the case for the fact-finding function to be completed.

To save time and expense, the parties certified the prior record and exhibits. The referee reviewed the prior record and all additional testimony, including the deposition of Gina M. Blakeley, Appellant's supervisor and a twenty percent shareholder in PRN. Thereafter, he framed his

own findings of fact and conclusions of law which we have summarized below. The Appellee, PRN Nursing Agency, although it is not a health care provider, entered into agreements with various hospitals, nursing homes, and private individuals, for the purpose of supplying registered nurses, licensed practical nurses, and nursing assistants, to those parties as their needs arose. At its office in downtown Pittsburgh, Pennsylvania, Appellee maintained its records, received telephone calls from institutions and individuals requesting its staff, and dispatched its employees to various locations throughout the Allegheny County area. Appellee did not require its employees to report to its office for assignment; instead, Appellee would contact its employees at their homes, one week in advance of the assignment, to inquire as to whether they were interested in accepting a work assignment. When an employee accepted a work assignment, Appellee instructed the employee where to report for work, when to report to work, and to arrive in uniform.

Moreover, the Appellee did not provide transportation to the work-place, it did not reimburse its employees for their travel expenses, and it did not include time spent commuting to and from an assigned workplace in the computation of an employee's gross wages. Employees were paid an hourly rate, calculated from the time they signed in at the assigned work-place to the time they signed out of that work-place. Work hours were totaled by the work-place and forwarded to the Appellee, who used those figures to compute an employee's gross wages. The Appellee paid its employees by check, after it made the necessary deductions.

The Appellee contacted the Appellant and asked if she would work a new assignment on September 19, 1980, at Montefiore Hospital—the 11:00 p.m. to 7:30 a.m. shift—and she accepted. The Appellee did not instruct the Appellant to make any stops, to deliver any messages, to pick up any materials, or to perform any service on behalf of PRN prior to reporting to work at Montefiore. In fact, Appellant was free to select any route to and from her worksite.

On or about September 23, 1980, the Appellant informed the Appellee that she had been involved in an accident, she was injured, and she would be unable to work; however, she failed to advise Appellee that her injuries were related to her employment, or that her injuries were incurred in the course of her employment. As a consequence, the Appellee did not file an Employer's Report of Injury. Notice, that this was a work related injury, did not come until the Appellant filed her claim petition on October 8, 1982, a date greater than two years following the automobile accident. Based on this evidence, the referee found:

1) ... [T]he [Appellant] failed to give notice of any work-related injury within 120 days of said injury as required by Section 311 of the Act;

2) ... [T]he [Appellant] failed to inform her employer of any injury as is required by Section 312 of the Act;

3) ... [T]he [Appellant] was not acting within the scope of her employment at the time of her injury on September 19, 1980;

4) The [Appellant] was not in any way acting in the furtherance of her employer's business at the time of her injury on September 19, 1980; and,

5) The [Appellant] did not suffer an injury during the course of her employment with the defendant on September 19, 1980, and therefore, is not entitled to compensation benefits.

(Referee's decision, January 28, 1986.) The claim was then dismissed. (*Id.*) Appellant appealed to the Board for review.

Gina Blakeley testified that the Appellant called the Appellee's offices on Monday September 22, 1980, to inform it that she had been in an auto accident and that the accident occurred while she was en route to Montefiore Hospital. Section 631 states the following in regard to notice:

Unless an employer shall have knowledge of the occurrence of the injury ... no compensation shall be due until such notice be given, and, unless such notice be given

within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed.

77 P.S. § 631. This uncontradicted evidence established the Appellant's allegation that she gave her employer notice of the accident well within the 120 day period. The Board reversed the referee's decision, because it found the above testimony to be irreconcilable with the referee's findings of fact.

■ Next, the Board considered whether, or not, the Appellant was injured within the scope of her employment. The general rule is that an employer is not liable to the employee for compensation for injuries received off the employer's premise while the employee is travelling to or from work. *Eberle v. Union Dental Co.*, 390 Pa. 112, 134 A.2d 559 (1957); *Butrin v. Manion Steel Co.*, 361 Pa. 166, 63 A.2d 345 (1949); *Hohman v. George H. Soffel Co.*, 354 Pa. 31, 46 A.2d 475 (1946). The question, whether an injury to a worker is sustained in the course of his or her employment, as contemplated by the Act, is one of law. *Hohman, supra.*

While acknowledging the general rule, the Appellant argues that her conduct fits within one of the exceptions of the rule recognized by the Commonwealth Court in *Setley v. Workmen's Compensation Appeal Board*, 69 Pa.Commonwealth Ct. 241, 451 A.2d 10 (1982). *Setley* represents a codification of our own law in this area and stands for the proposition that

... an injury sustained while an employee is going to or coming from work does not occur in the course of employment unless one of the following exceptions is shown to exist:

1) claimant's employment contract includes transportation to and from work;

2) claimant has no fixed place of work;

3) claimant is on a special mission for employer; or

4) special circumstances are such that claimant was furthering the business of the employer.

*Id.,* 69 Pa.Commonwealth Ct. at 244, 451 A.2d at 11.

The Appellant asserts that her trip to Montefiore Hospital constituted a special mission for her employer and that she had no permanent, or fixed, place of work. However, the Board disagreed and found the assignment to work at Montefiore Hospital did not constitute a "special mission for the employer". Although the Board agreed that the Appellant had no permanent, or fixed, place of work, it concluded that she had a fixed place of employment each day. Hence, the Board concluded that the Appellant was no different than any other employee who travelled to Montefiore Hospital each day, and determined that exception number two (of *Setley*) only applies to situations where the employee travels during her workday.

The Commonwealth Court affirmed this decision. It concluded that Appellant's injuries were not compensable since her contract did not include reimbursement for her transportation expenses, and rejected the Appellant's assertion that she was on a special mission, because it found nothing special about a daily commute to work. The Appellee's requirement that its employees dress at home was nothing more than the performance of incidental, work-related, functions prior to a commute, and the Appellant's argument that she had no fixed place of work each day failed because she did not travel from location to location during her workday. In conclusion, the court did not consider her situation any different from any other employee, who travelled to work each day, labored through her work day at a specific office, and then returned home at the end of the day.

We accepted Allocatur to review this area of the law and, now, reverse the decision of the Commonwealth Court.

## DISCUSSION

 We have already noted that our law begins with the understanding that an employer is not liable to its

employee for compensation for injuries received off the employer's premises, while the employee is travelling to or from work. This rule was first qualified in the case of *Campagna v. Ziskind*, 287 Pa. 403, 135 A. 124 (1926), where we extended the employer's responsibility to the employee who is engaged beyond his employer's premises to further his employer's business. See, *Campagna, supra*. An exception was also found to arise where there is some special duty undertaken for, and directed by, the employer. See, *Butrin, supra*. Yet, this duty must not be an act done for the mere convenience of the employee, but by order of the employer, express or implied. See, *Cronin v. American Oil Co.*, 298 Pa. 336, 148 A. 476 (1929). Likewise, a claimant is considered to be within the course of his employment where his travel, which is an essential part of his work in furtherance of his employer's business, is reimbursed by the employer. See, *Hohman, supra*.

The Appellee rests its argument upon the general rule and urges this court to classify this Appellant in the same category as any other employee employed by Montefiore Hospital. It insists that the Appellant does not fall within any of the created exceptions. More specifically, the Appellee illustrates its argument by raising the following points: 1) The assignment to Montefiore Hospital constituted a fixed place of work; 2) The Appellee neither compensated Appellant for her transportation expenses, nor did it pay her for her travel time; 3) The Appellant's journey to work did not constitute a special mission since she exercised her right to accept this work assignment; And, 4) the Appellant's acceptance of this assignment did not create any special circumstances wherein she was furthering her employer's business. According to the Appellee, all of its employees fall within the parameters of the general rule unless the employee receives compensation for her travel. To support this statement, the Appellee directs our attention to cases interpreted by the Commonwealth Court.

■ We reject this argument because it ignores our test for determining whether, or not, an employee's injury is

covered under the worker's compensation law. The question is not whether the employee was compensated for the service performed before or after the hours of employment; instead, the issue is whether this claimant has a fixed place of work. In determining this question, we must keep in mind that the Pennsylvania Worker's Compensation Act is remedial in nature and intended to benefit the worker, and, therefore, the Act must be liberally construed to effectuate its humanitarian objectives. *Krawchuk v. Philadelphia Electric Co.*, 497 Pa. 115, 439 A.2d 627 (1981); *Workmen's Compensation Appeal Board v. Overmyer Mold Co.*, 473 Pa. 369, 374 A.2d 689 (1977); *Kransky v. Glen Alden Coal Co.*, 354 Pa. 425, 47 A.2d 645 (1946); *Ginther v. J.P. Graham Transfer Co.*, 348 Pa. 60, 33 A.2d 923 (1943).

The Pennsylvania Worker's Compensation Act dictates, "every employer shall be liable for compensation for personal injury to ... each employee, [for] an injury in the course of his employment ..." 77 P.S. § 431. Moreover,

The term "injury," ... shall be construed to mean an injury to an employee ... arising in the course of his employment.... The term "injury arising in the course of his employment," as used in this article ... shall include all injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere....

77 P.S. § 411(1).

Reviewing the facts of this record, we note that Appellee, an agency in business to supply personnel to health care facilities on a temporary basis, maintains an inventory of personnel. When Montefiore Hospital contacted the Appellee, it selected from its personnel list an individual it believed best suited for the particular job and directed the Appellant to travel to Montefiore Hospital.

Regardless of this Appellee's attempt to disguise the true nature of its employees' status, by assigning them to work assignments one week in advance, the facts of the matter

remain the same: A temporary employee, who is employed by an agency, never has a fixed place of work. Consequently, when the agency employee travels to an assigned workplace, the employee is furthering the business of the agency. Therefore, we conclude, as a matter of law, Appellant had no fixed place of work, when she was injured, and her injury occurred while she was in furtherance of her employer's business.

Accordingly, our law requires that Appellant be awarded benefits.

Reversed and case remanded to the Commonwealth Court for further disposition.[1]

NIX, C.J., concurs in the result.

FLAHERTY, J., files a dissenting opinion in which ZAPPALA, J., joins.

FLAHERTY, Justice, dissenting.

I dissent. The majority holds that when an employee is dispatched to one of a number of possible job sites by his employer, the employee is eligible for workmen's compensation benefits when he is injured en route to the job. This is not, has never been, and should not be the law.

The general rule, as correctly expressed by the majority, is that if an injury is sustained while an employee is going to or coming from work, the injury is not compensable. An exception to this rule is that the employee may be compensated for such injury if his employment contract provides for transportation to and from work; if he has no fixed place of work; if he is on a special mission for the employer; or if he was furthering the business of the employer. Citing *Setley v. Workmen's Compensation Appeal Board,* 69 Pa.Commwlth.Ct. 241, 451 A.2d 10 (1982), the majority

---

**1.** Since the Commonwealth Court affirmed the dismissal of the Appellant's claim petition, it did not discuss any of the subrogation or credit issues which arose out of the Appellant's third party recovery against the driver of the other automobile, nor did it discuss the medical or work loss benefits paid to the Appellant under her own no-fault automobile insurance policy.

determines that the claimant in this case had no fixed place of work and was, therefore, eligible for workmen's compensation benefits for injuries sustained in an accident going to work.

The *Setley* case itself, however, cites *Davis v. Workmen's Compensation Appeal Board,* 41 Pa. Commonwealth Ct. 262, 398 A.2d 1105 (1979) as authority for its articulation of the "going and coming rule." In *Davis* the employee was a pharmacist who worked for a supermarket in Reading. As part of Davis's employment contract, he was required as well to work at other stores operated by his employer in Allentown and Bethlehem. Davis was killed in an auto accident while returning from the Bethlehem store to his home in Reading and his wife applied for worker's compensation benefits. Although Commonwealth Court acknowledged the "going and coming" rule, it denied benefits on the grounds that his injuries were not suffered in the course of his employment and he did not fall within any of the exceptions to the "going and coming rule," including the fixed place of work exception.

The present case is indistinguishable from *Davis.* Here an employee was dispatched to one of several possible work sites and was injured on the way to the job. That the employee was sent to one job site rather than another does not mean that the employee had no fixed place of work within the meaning of the exception to the "going and coming" rule. The exception to the rule, rather, concerns employees who are moved from one site to another *after they have already begun to work at an initial site.* The decision of Commonwealth Court should be affirmed and the claim denied.

ZAPPALA, J., joins this dissenting opinion.