652 A.2d 797

**LEHIGH COUNTY VO-TECH SCHOOL**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (WOLFE).**

**Appeal of Robert C. WOLFE.**

Supreme Court of Pennsylvania.

Submitted March 2, 1994.

Decided Jan. 6, 1995.

Reargument Denied March 15, 1995.

324

Edward R. Eidelman, Thomas Calnan, Co–Cn., Allentown, for appellant.

Barbara L. Hollenbach, Philadelphia, for appellee.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE, and MONTEMURO, JJ.

## OPINION OF THE COURT

PAPADAKOS, Justice.

In this case Appellant, Robert C. Wolfe, appeals the Order of the Commonwealth Court reversing the Order of the Workmen's Compensation Appeal Board awarding him compensation benefits.

Appellant has been employed by Appellee, the Lehigh County Vo–Tech School, as a vice-principal since 1973. Appellant's responsibilities extend to questions of student discipline and attendance, including monitoring incidents and disturbances at the school.

In December, 1982, Appellant injured his back in the course of his employment when he stepped off of a wall, slipped and fell. Pursuant to the Pennsylvania Workmen's Compensation Act (the Act),[1] Appellant received workmen's compensation benefits for a twelve-week work loss as a result of this injury.

In August, 1986, Appellant sustained a second injury to his back when he fell after tripping over an engine stand while helping students move a car engine. As a result of this injury, Appellant received seven weeks of workmen's compensation benefits. Appellant executed a Final Receipt on October 24, 1986, the effect of which was to concede that he had returned to work and that his disability had ceased.[2]

Subsequently, Appellant claimed that he injured his back at work on June 29, 1989, while he was moving boxes of files and tools. On November 6, 1989, Appellant filed a Claim Petition in which he asserted that he was disabled as of June 30, 1989,

1. Act of June 2, 1915, P.L. 736 (codified as amended at 77 P.S. §§ 1 *et seq.*).

2. Section 434 of the Act, 77 P.S. § 1001, provides:
    [a] final receipt, given by an employe or dependent entitled to compensation under a compensation agreement notice or award, shall be prima facie evidence of the termination of the employer's liability to pay compensation under such agreement notice or award: Provided, however, That a referee designated by the department may, at any time within three years from the date to which payments have been made, set aside a final receipt, upon petition filed with the department, or on the department's own motion, if it be shown that all disability due to the injury in fact had not terminated.

due to the back injury. Appellant also alleged that the injury was a recurrence of his previous injuries sustained in 1982 and 1986. On January 24, 1990, Appellant filed a Petition to Set Aside the Final Receipt of October 24, 1986, asserting that at the time of the signing of the final receipt his injury had not terminated. In the alternative, Appellant alleged that the latest injury was a new injury produced by a new occurrence which injured his back which was predisposed to damage due to his prior work-related injuries.

Following several hearings, the referee granted both of Appellant's petitions and ordered payment of compensation benefits for the duration of the disability. In granting the Claim Petition, the referee found as a fact that Appellant's June 29, 1989, injury occurred while Appellant was moving boxes of school records.

Appellee then appealed to the Workmen's Compensation Appeal Board (Board) contending that virtually all of the factual findings of the referee were based upon insufficient evidence. The Board dismissed the appeal and affirmed the referee's decision. In doing so, the Board concluded that the referee had sufficient evidence upon which to conclude that Appellant had suffered an aggravation of his original injury in June, 1989 and did not err by granting the claim petition. The Board also held that since the record supports a finding of a new injury, the referee's alleged error in not differentiating between the claim petition and the petition to set aside the final receipt was moot. Finally, the Board ruled that since the record supported a finding of a new injury, no further inquiry into timeliness was required.

Appellee then filed a Petition for Review with the Commonwealth Court which reversed the decision of the Board and vacated the decision of the referee granting Appellant's claim petition and petition to set aside the final receipt and award of benefits.

We granted the appeal to address Appellant's contention that, in reversing, the Commonwealth Court applied an im-

proper scope of review when it analyzed the sufficiency of the referee's findings and we now reverse.

■ As we have noted before, the scope of review in workmen's compensation matters is limited to determining whether there has been a violation of constitutional rights, errors of law committed, or a violation of Appeal Board procedure, and whether necessary findings of fact were supported by substantial evidence. *St. Joe Container Company v. Workmen's Compensation Appeal Board (Staroschuck)*, 534 Pa. 347, 633 A.2d 128 (1993); *Gumro v. Workmen's Compensation Appeal Board*, 533 Pa. 461, 626 A.2d 94 (1993).

■ In reviewing workmen's compensation matters, we are also guided by the basic premise that our Workmen's Compensation Act is remedial in nature and is intended to benefit workers, and therefore, the Act must be liberally construed in order to effectuate its humanitarian objectives. *Peterson v. Workmen's Compensation Appeal Board (PRN Nursing Agency)*, 528 Pa. 279, 597 A.2d 1116 (1991).

■ A straightforward reading of the Workmen's Compensation Act reveals that a claimant, in order to be eligible for workmen's compensation, must establish only two requirements: 1) that the injury occurred in the course of employment and 2) that it was related thereto. *City of Harrisburg v. Workmen's Compensation Appeal Board (Gebhart)*, 532 Pa. 592, 616 A.2d 1369 (1992); *Krawchuk v. Philadelphia Elec. Co.*, 497 Pa. 115, 439 A.2d 627 (1981). Whether an injury to a workmen's compensation claimant is sustained in the course of employment is a question of law. *City of Harrisburg v. Workmen's Compensation Appeal Board (Gebhart)*, 532 Pa. 592, 616 A.2d 1369 (1992); *Hohman v. George H. Soffel Co.*, 354 Pa. 31, 46 A.2d 475 (1946).[3]

3. Section 301(c) of the Act, 77 P.S. § 411(1), provides the following definitions of "injury," "personal injury," and "injury arising in the course of his employment":

The terms "injury" and "personal injury," as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto, ... The term "injury arising in the course of his

Appellant basically argues that there was sufficient evidence to support the referee's Finding of Fact number 13 which concluded that Appellant's injury at the work site in June of 1989 was a "new" injury and that he was entitled to benefits. Appellant also argues that the Commonwealth Court exceeded its scope of review in analyzing the sufficiency of the evidence question and that it erred by substituting its judgment for that of the referee as to fact issues. We agree.

■ Where the Workmen's Compensation Appeal Board has taken no additional testimony, the Board is required to accept facts found by the referee if they are supported by competent evidence. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 531 Pa. 287, 612 A.2d 434 (1992).

■ On appeal from a decision of the Board, the reviewing court must view the evidence in the light most favorable to the prevailing party below, including the benefit of all inferences reasonably deduced from the evidence. *See, Harman Coal Company v. Dunmyre*, 474 Pa. 610, 379 A.2d 533 (1977).

■ Here, the referee found, at Finding of Fact number 13 (Reproduced Record, p. 198a), that Appellant experienced pain in his lower back while moving large boxes of school records during the course of his employment. (Reproduced Record, pp. 68a–69a). Appellant's testimony in this regard was corroborated by Susan Huffman, employed by Appellee as a secretary to the Assistant Principals. She stated that Appellant had moved boxes in her office on June 29, 1989, and afterward, he had to rest with his leg elevated because his back was bothering him again. (Reproduced Record, pp. 52a–53a).

Appellee argues that evidence was presented to the contrary indicating that Appellant injured his back while at home

employment," as used in this article ... shall include all ... injuries sustained while the employe is actually engaged in the furtherance of his business or affairs of the employer, whether upon the employer's premises or elsewhere....

and not while he was in the course and scope of his employment with Appellee.

Appellant's expert, Dr. Christopher G. Lynch, testified that Appellant visited him on June 28, 1989, the day *before* the work-related incident, complaining that he had been experiencing severe back pain since June 26, 1989. (Deposition of Dr. Lynch, June 4, 1990, p. 10). Dr. Lynch also testified that Appellant attributed this pain to doing some routine work around his house. (Deposition of Dr. Lynch, June 4, 1990, p. 15). In addition, Dr. Lynch testified that Appellant did not indicate, at that time, that he hurt his back at school. (Deposition of Dr. Lynch, June 4, 1990, p. 19).

Furthermore, the medical records submitted into evidence corroborated the testimony of Dr. Lynch. Appellant was hospitalized on July 3, 1989, at the Allentown–Lehigh Valley Hospital Center. At the time of admission, Dr. Lynch recorded that Appellant developed increasing low back pain "two weeks ago" following routine work around the house. (Reproduce Record, p. 35a). Also, the hospital therapist included on her initial evaluation of July 17, 1989, that Appellant told her that his back problem resulted from pulling a rug off of his deck. (Reproduced Record, p. 36a).

The appellate role in workmen's compensation case is not to reweigh evidence or review credibility of witnesses; rather, the Workmen's Compensation Appeal Board or the reviewing court must simply determine whether, upon consideration of the evidence as a whole, referee's findings have the requisite measure of support in the record. Credibility determinations are within the exclusive province of the referee and findings of fact can be overturned only if they are arbitrary and capricious. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 531 Pa. 287, 612 A.2d 434 (1992); *Republic Steel Corp. v. Workmen's Compensation Appeal Board (Shinsky)*, 492 Pa. 1, 421 A.2d 1060 (1980).[4]

The question of where Appellant was injured, of course, is one of fact and was for the referee to determine.

4. Section 423 of the Act, 77 P.S. § 854.

Dr. Lynch's deposition testimony, in the form of notes taken *before* the alleged injury and notes taken *following* the injury while Appellant was at the hospital, was based on statements given to him by Appellant and indicate that Appellant told his doctor that he had injured himself at home. Appellant also testified at the hearing concerning his injury which he claimed occurred at school. The weight to be accorded the various statements made by Appellant and their credibility is exclusively a function for the finder of fact and not the reviewing court.

There is no suggestion that the referee acted arbitrarily and capriciously in assessing the credibility of the witnesses before him and, therefore, his findings of fact are binding. The referee simply chose to believe, as was his right, the live testimony of Appellant and Susan Huffman and gave less weight to the deposition testimony of Dr. Lynch. Appellant's live testimony, if believed, is sufficient and competent to support the referee's finding that Appellant injured his back during the course of his employment on June 29, 1989. Therefore, the Commonwealth Court exceeded its scope of review in substituting its own judgment as to the credibility and weight to be given to Appellant's testimony regarding where his new injury occurred.[5]

Accordingly, the Order of the Commonwealth Court is reversed and the Order of the Board awarding benefits is reinstated.

CASTILLE, J., files a dissenting opinion.

MONTEMURO, J., is sitting by designation.

CASTILLE, Justice, dissenting.

I respectfully dissent from the majority's reversal of the Commonwealth Court's order denying workmen compensation benefits to appellant. Appellant executed a final receipt under

---

5. Because of our disposition of this issue, we do not reach the merits of Appellant's additional argument that his new injury was the proximate, natural and probable result of his prior work-related injury.

the Workmen's Compensation Act (the Act),[1] an action which serves as *prima facie* evidence of the termination of an employer's obligation to pay compensation for injuries sustained by an employee under Section 434 of the Act.

Section 434 further provides that a final receipt may be set aside if it can be shown that the relevant disabling injury had not, in fact, terminated when the final receipt was executed and if the petition to set aside the final receipt is filed within three years. Here, even if one were to conclude that appellant's present injury arose from his previous injuries and, therefore, that his previous injury had not terminated, his petition to set aside the final receipt filed on January 24, 1990 was not timely since it was filed beyond the three year requirement of the statute.

Since the petition to set aside the final receipt was not timely filed, appellant is required to demonstrate that he is entitled to compensation for an injury attributable to aggravation of a pre-existing condition upon proof that he suffered such injury in the course of and related to his employment. *Porochniak v. Workmen's Compensation Appeal Board (Container Corporation of America)*, 67 Pa.Commw. 368, 372, 447 A.2d 346, 348 (1982). This, appellant was unable to do.

Appellant's own medical expert, Dr. Christopher G. Lynch, testified on appellant's behalf that his present injury was an extension of his chronic back problems but he never unequivocally established a causal connection between appellant's present disability and his alleged work-related injury. In fact, Dr. Lynch testified just the opposite. Dr. Lynch examined appellant on the day *before* appellant's alleged injury of June 29, 1989. Dr. Wolfe's notes recorded that appellant told him on June 28, 1989, that his condition was the result of performing routine chores around the house two days earlier and that he had been experiencing severe back pains since that time. Appellant did not at that time indicate that he had hurt his back at school during his employment since that alleged disability incident had yet to occur.

1. Act of June 2, 1915, P.L. 736, 77 P.S. §§ 1 *et seq.*

Appellant submitted medical records showing that he was hospitalized on July 3, 1989 at the Allentown Lehigh Valley Hospital Center. Upon admission, Dr. Lynch recorded that appellant had developed increasing low back pain "two weeks ago" following routine work around his home. R.R. at 35a. The hospital therapist included in her initial evaluation that appellant told her that his back problem resulted from pulling a rug off his deck. R.R. at 36a.

Despite the above evidence offered by appellant's own expert witness and presumably disinterested hospital personnel, appellant testified that his injury took place, conveniently enough, at work on June 29, 1989, while he was moving boxes of files and tools. This allegation was corroborated by testimony from appellant's co-worker.

In light of the above, the Commonwealth Court reversed the referee and the Workmen's Compensation Appeal Board which had granted appellant's petition for benefits. The majority opinion correctly states that this Court's scope of review in workmen's compensation matters is limited to determining whether there has been a violation of constitutional rights, errors of law committed, violations of Appeal Board procedures or whether necessary findings of fact were supported by substantial evidence. *St. Joe Container Company v. Workmen's Compensation Appeal Board (Staroschuck)*, 534 Pa. 347, 351 n. 3, 633 A.2d 128, 130 n. 3 (1993). Generally, the appellate court's role in these matters is not to reweigh evidence or to review the credibility of witnesses. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 531 Pa. 287, 292, 612 A.2d 434, 437 (1992). However, even though credibility determinations are within the exclusive province of the referee, findings of fact can be overturned if they are arbitrary and capricious. *Id.*

Accordingly, the referee's decision in this matter is clearly arbitrary and capricious in face of irrefuted evidence that appellant's injury did not occur in the course of his employment. In order to find in favor of the appellant, the referee below had to totally *ignore* the testimony and depositions of unbiased witnesses to whom appellant gave contemporaneous

statements that his injury occurred in his *home* while doing routine chores. Most tellingly, the referee had to ignore appellant's own medical expert and his notes taken the day *before* the alleged injury.

The Workmen's Compensation Act is remedial in nature and is intended to benefit workers. This Court has in the past liberally construed the Act in order to effectuate its humanitarian objectives. *Peterson v. Workmen's Compensation Appeal Board (PRN Nursing Agency)*, 528 Pa. 279, 287, 597 A.2d 1116, 1120 (1991). However, workmen's compensation should not be construed as a general disability insurance policy that covers household accidents and injuries. The majority opinion does this.

I would affirm the decision of the Commonwealth Court in this matter.