IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ginanno Lanzara,               :
             Petitioner       :
                                 :
              v.             :      No. 108 C.D. 2023
                                 :      Submitted: November 6, 2023
City of Philadelphia (Workers'   :
Compensation Appeal Board),    :
             Respondent    :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE MARY HANNAH LEAVITT, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT            FILED: December 22, 2023

Ginanno Lanzara (Claimant) petitions for this Court's review of the January 13, 2023, adjudication of the Workers' Compensation Appeal Board (Board) that modified Claimant's total disability benefits to partial disability on the basis of an impairment rating evaluation (IRE) performed pursuant to Act 111 of 2018 (Act 111).[1] Claimant contends that Act 111 is unconstitutional because it violates the remedies clause of the Pennsylvania Constitution as well as separation of powers. Discerning no merit to these arguments, we affirm the Board's adjudication.

The facts of the case are not in dispute. On August 2, 2009, Claimant, a police officer with the City of Philadelphia (Employer), was injured in a motor vehicle accident that occurred while he was responding to an emergency call.

---

[1] Section 306(a.3) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of October 24, 2018, P.L. 714, No. 111, 77 P.S. §511.3.

Claimant sustained a work injury that resulted in his award of total disability benefits.

On November 3, 2021, John Pickard, D.O., who is board certified in family medicine, conducted an examination of Claimant and issued a report in which he concluded that Claimant had a whole person impairment rating of 18% based on the American Medical Association's Guides to the Evaluation of Permanent Impairment (AMA Guides) Sixth Edition (second printing April 2009). Based on this determination, Employer filed a modification petition. After a hearing, the workers' compensation judge (WCJ) modified Claimant's total disability benefits to partial disability as of November 3, 2021. Claimant appealed to the Board, and it affirmed the WCJ's decision. Claimant then petitioned for this Court's review.

On appeal,[2] Claimant argues that the Board erred because Act 111 is unconstitutional. The 2018 amendment to the Act fundamentally changed how disability benefits are determined and, as such, may be applied only prospectively to claimants whose injuries occur after October 24, 2018. Claimant's injuries occurred in 2009. Claimant argues that his right to wage loss benefits under the Act became a vested right and cannot be impaired by retroactive legislation without violating his right to due process. Claimant also argues that the General Assembly unconstitutionally delegated its legislative authority to a private party, *i.e.*, the American Medical Association.

Employer responds that this Court has already addressed, and rejected, Claimant's arguments. In *Pierson v. Workers' Compensation Appeal Board (Consol*

---

[2] We review the Board's adjudications to determine whether errors of law were made, whether constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. *Lehigh County Vo-Tech School v. Workmen's Compensation Appeal Board (Wolfe)*, 652 A.2d 797, 799 (Pa. 1995).

*Pennsylvania Coal Company LLC)*, 252 A.3d 1169 (Pa. Cmwlth. 2021), this Court determined that a claimant's benefits under the Act may be revised without regard to when the injury occurred because a claimant's right to compensation benefits is not a vested right. Accordingly, a change in the process by which a claimant's disability status is determined does not render Act 111 unconstitutional. Likewise, this Court has also held that Act 111 does not constitute an unlawful delegation of legislative authority. *See Pennsylvania AFL-CIO v. Commonwealth*, 219 A.3d 306 (Pa. Cmwlth. 2019), *aff'd per curiam*, (Pa., No. 88 MAP 2019, filed August 18, 2020).

We begin with a review of the applicable legal principles. Act 111 states, in pertinent part, as follows:

(1) When an employe has received total disability compensation pursuant to clause (a) for a period of one hundred four weeks, . . . the employe shall be required to submit to a medical examination . . . to determine the degree of impairment due to the compensable injury, if any. The degree of impairment shall be determined based upon an evaluation by a physician . . . pursuant to the [AMA Guides], 6th edition (second printing April 2009).

(2) If such determination results in an impairment rating that meets a threshold impairment rating that is equal to or greater than thirty-five per centum . . ., the employe shall be presumed to be totally disabled and shall continue to receive total disability compensation benefits . . . . If such determination results in an impairment rating less than thirty-five per centum impairment . . ., the employe shall then receive partial disability benefits under clause (b). . . [.]

Section 306(a.3)(1)-(2) of the Act, 77 P.S. §511.3(1)-(2). In sum, where a claimant has collected total disability for 104 weeks, he may be required to undergo an IRE.

Unless the claimant has an impairment rating of at least 35%, the claimant's disability benefits can be modified to partial disability.

In his first issue, Claimant argues that Act 111 deprived him of a vested property right to total disability benefits in violation of the remedies clause of the Pennsylvania Constitution. Article I, section 11 of the Pennsylvania Constitution, known as the remedies clause, states, in pertinent part, as follows:

> All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct.

PA. CONST. art. I, §11.

We reject Claimant's premise of vested rights. Section 413(a) of the Act states, in relevant part, as follows:

> [The WCJ] . . . may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the [Department of Labor & Industry] or its [WCJ], upon petition filed by either party . . . , upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased . . . [.]

77 P.S. §772. In *Perillo v. Workers' Compensation Appeal Board (Extended Healthcare Services, Inc.)* (Pa. Cmwlth., No. 649 C.D. 2020, filed March 3, 2021) (unreported),[3] this Court held that a claimant does not enjoy a vested right to workers' compensation benefits by reason of Section 413(a) of the Act.

---

[3] An unreported decision, issued after January 15, 2008, may be cited for its persuasive value in accordance with Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

Accordingly, Act 111 does not offend the remedies clause. This argument was also rejected in *Pennsylvania AFL-CIO*, 219 A.3d 306.

In *Pierson*, 252 A.3d at 1179, we addressed the retroactive application of Act 111 as follows:

> While [the c]laimant, here, argues that he has a right to benefits as calculated at the time of injury, there are reasonable expectations under the Act that benefits may change. We acknowledge that a claimant retains a certain right to benefits until such time as he is found to be ineligible for them. However, claimants, such as the one in the matter before us, did not automatically lose anything by the enactment of Act 111. Act 111 simply provided employers with the means to change a claimant's disability status from total to partial by providing the requisite medical evidence that the claimant has a whole body impairment of less than 35%, after receiving 104 weeks of [temporary total disability] benefits.

In short, we held that "[the c]laimant's 'vested rights' have not been abrogated by Act 111." *Pierson*, 252 A.3d at 1180.

Next, Claimant asserts that Act 111 violates the separation of powers required by the Pennsylvania Constitution.[4] However, this issue was also addressed by this Court in *Pierson*, in which we quoted *Pennsylvania AFL-CIO*, 219 A.3d 306. Specifically, in *Pennsylvania AFL-CIO*, we explained:

> The non-delegation doctrine does not prohibit the General Assembly from "adopting as its own a particular set of standards which already are in existence at the time of adoption." [*Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827, 838 (Pa. 2017)]. That is what the General Assembly did here – it adopted the Sixth Edition, second printing, which PA AFL-CIO admits was in existence when

---

[4] Article II, section 1 of the Pennsylvania Constitution states that "[t]he legislative power of this Commonwealth shall be vested in a General Assembly, which shall consist of a Senate and a House of Representatives." PA. CONST. art. II, §1.

5

Section 306(a.3) was enacted, "as its own." When such an adoption occurs, the General Assembly is exercising its legislative and policy making authority by deciding that it is those particular standards that will become the law of this Commonwealth. It is not delegating its authority to legislate. The General Assembly made a policy decision regarding the standards that will apply to IREs in the Commonwealth going forward.

*Pennsylvania AFL-CIO*, 219 A.3d at 316 (emphasis in original omitted).

By reason of Section 413(a) of the Act, Claimant does not enjoy a vested right to workers' compensation benefits. *Pierson* and *Pennsylvania AFL-CIO* established that the application of Act 111 to injuries that occurred prior to the effective date of October 24, 2018, is constitutional, and the legislature did not delegate its legislative authority in adopting, as its own standards, the Sixth Edition (second printing) of the AMA Guides.

For the foregoing reasons, we affirm the adjudication of the Board, which affirmed the WCJ's decision to modify Claimant's workers' compensation disability benefits, from total to partial, effective November 3, 2021.

_____
MARY HANNAH LEAVITT, President Judge Emerita

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ginanno Lanzara,  :
         Petitioner  :
          :
    v.  :    No. 108 C.D. 2023
          :
City of Philadelphia (Workers'  :
Compensation Appeal Board),  :
        Respondent  :

# **O R D E R**

AND NOW, this 22nd day of December, 2023, the January 13, 2023, adjudication of the Workers' Compensation Appeal Board, in the above-captioned matter, is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge Emerita