## HARBURG MEDICAL SALES COMPANY, Petitioner,

### v.

## BUREAU OF WORKERS' COMPENSATION (PMA INSURANCE COMPANY), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 1, 2001.

Decided Oct. 18, 2001.

Patrick M. Donan, Philadelphia, for petitioner.

Stephen F. Moore, Harrisburg, for respondent.

Before COLINS, KELLEY, Judges, and RODGERS, Senior Judge.

KELLEY, Judge.

Harburg Medical Sales Company (Provider) petitions for review of a January 18, 2001 decision and order of the Department of Labor and Industry (Department), Bureau of Workers' Compensation Fee Review Hearing Officer. The Hearing Officer denied and dismissed Provider's Application for Fee Review after finding that the application was untimely filed pursuant to Section 306(f.1)(5) of the Workers' Compensation Act (Act)[1] and

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 531(5). Section 306(f.1)(5) provides as follows:

    (5) The employer or insurer shall make payment and providers shall submit bills and records in accordance with the provisions of this section. All payments to providers for treatment provided pursuant to this act shall be made within thirty (30) days of receipt of such bills and records unless the employer or insurer disputes the reasonableness or necessity of the treatment provided pursuant to paragraph (6). The nonpayment to providers within thirty (30) days for treatment for which a bill and records have been submitted shall only apply to that particular treatment or portion thereof in dispute; payment must be made timely for any treatment or portion thereof not in dispute. A provider who has submitted the reports and bills required by this section and who disputes the amount or timeliness of the payment from the employer or insurer shall file an application for fee review with the department no more than thirty (30) days following notification of a disputed treatment or ninety (90) days following the original billing date of treatment. If the insurer disputes the reasonableness and necessity of the treatment pursuant to paragraph (6), the period for filing an application for fee review shall be tolled as long as the insurer has the right to suspend payment to the provider pursuant to the provisions of this paragraph. Within thirty (30) days of the filing of such an application, the department shall render an administrative decision.

Section 127.252 of the Department's cost containment regulations.[2]

According to a prescription dated January 10, 1997, John Aaron, M.D. of the Nelson Medical Group, prescribed an electric muscle stimulator (EMS) for Kevin Jolly (Claimant). Provider supplied the durable medical equipment or EMS to Claimant on August 6, 1997. Provider submitted a bill to PMA Insurance (Insurer) for the EMS. On March 4, 1998, Provider received Insurer's explanation of benefits denying payment on the basis that the service was not documented in the records received.

Thereafter, in March 1998, Provider filed an Application for Fee Review with the Bureau of Workers' Compensation (Bureau) concerning, in part, its billing for the item. Therein, Provider requested review of the timeliness of payment by Insurer with regard to the durable medical equipment provided to Claimant for service date August 6, 1997. According to Provider's application, a bill was originally submitted to Insurer on January 9, 1998. This Application for Fee Review was designated as number 50863.

Provider received the Bureau's administrative decision, which concluded that Insurer's payment was not late. Provider contested the administrative decision and timely filed a request for a *de novo* hearing with the Bureau's Fee Review Hearing Office. After a hearing, the Hearing Officer issued a decision dated November 29, 1999, concluding, *inter alia*, that, based on the evidence presented, Insurer was not required to pay the bill for the EMS and related supplies because Provider failed to comply with the reporting requirements of Section 306(f.1)(2) of the Act.[3] In addition,

2. 34 Pa.Code § 127.252. Section 127.252 provides in pertinent part as follows:

(a) Providers seeking review of fee disputes shall file the original and one copy of a form prescribed by the Bureau as an application for fee review. The application shall be filed no more than 30 days following notification of a disputed treatment or 90 days following the original billing date of the treatment which is the subject of the fee dispute, whichever is later . . . . .

3. 77 P.S. § 531(2). Section 306(f.1)(2) provides as follows:

(2) Any provider who treats an injured employe shall be required to file periodic reports with the employer on a form prescribed by the department which shall include, where pertinent, history, diagnosis, treatment, prognosis and physical findings. The report shall be filed within ten (10) days of commencing treatment and at least once a month thereafter as long as treatment continues. The employer shall not be liable to pay for such treatment until a report has been filed.

Section 127.203 of the Department's cost containment regulations provides as follows:

(a) Providers who treat injured employes are required to submit periodic medical reports to the employer, commencing 10 days after treatment begins and at least once a month thereafter as long as treatment continues. If the employer is covered by an insurer, the provider shall submit the report to the insurer.

(b) Medical reports are not required to be submitted in months during which treatment has not been rendered.

(c) The medical reports required by subsection (a) shall be submitted on a form prescribed by the Bureau for that purpose. The form shall require the provider to supply, when pertinent, information on the claimant's history, the diagnosis, a description of the treatment and services rendered, the physical findings and the prognosis, including whether or not there has been recovery enabling the claimant to return to pre-injury work without limitations. Providers shall supply only the information applicable to the treatment or services rendered.

(d) If a provider does not submit the required medical reports on the prescribed form, the insurer is not obligated to pay for the treatment covered by the report until the required report is received by the insurer.

34 Pa.Code § 127.203.

the Hearing Officer's decision established that the service date was August 6, 1997, that the date of billing was January 9, 1998 and that the date of dispute notice was March 4, 1998. No appeal was filed by Provider from the Hearing Officer's November 29, 1999 decision regarding Application for Fee Review number 50863.

On January 26, 2000, Provider again submitted its bill for service date August 6, 1997 to Insurer reporting therein the same EMS purchase and charge as originally billed on January 9, 1998. Insurer denied payment of the bill on February 10, 2000. On March 11, 2000, Provider filed a second Application for Fee Review with the Bureau requesting therein review of the amount of payment by Insurer with regard to Provider's bill for durable medical equipment provided to Claimant for service date August 6, 1997. The Bureau designated Provider's Application as number 2402.

On March 29, 2000, the Bureau rendered an administrative decision denying Provider's Application because Provider did not file the Application within the time limits prescribed by Section 306(f.1)(5) of the Act. Provider contested the administrative decision and timely filed a request for a *de novo* hearing with the Bureau's Fee Review Hearing Office. A *de novo* hearing was then held on August 24, 2000.

After the hearing, the Hearing Officer issued a decision wherein she reasoned that based on the provisions of Section 306(f.1)(5) of the Act, which requires that a provider shall file an application for fee review with the Department no more than thirty days following notification of a disputed treatment or ninety days following the original billing date of treatment, Pro-

vider's instant Application for Fee Review was untimely. The Hearing Officer found that the uncontradicted record evidence established January 9, 1998 as the original billing date and March 4, 1998 as the date of dispute notification for the treatment at issue; therefore, Provider's Application for Fee Review filed on March 15, 2000, almost two years after the expiration of the latest time frame, was untimely filed. This appeal followed.[4]

Provider raises the sole issue of whether the Hearing Officer erred in denying Provider's Application for Fee Review for payment of a purchase of an EMS based on the statute of limitations as contained in Section 306(f.1) of the Act. In support of this issue, Provider argues that the Hearing Officer misconstrued the Act and the accompanying regulations. Provider points out that under the Act, an Insurer is not required to pay a provider's bill until the proper forms are filed; therefore, the statute of limitations cannot begin to run until a bill is properly submitted and the provider is notified by the insurer that the bill is in dispute. Herein, Provider contends, because it did not properly submit the bill for the EMS equipment in 1998, Insurer was not liable to pay the bill and its obligation to pay was never triggered. Provider argues that once it properly submitted the bill for the EMS equipment on January 26, 2000, the statute began to run because Insurer's obligation to pay was triggered. Thus, Provider contends, it had thirty days from the date that Insurer notified Provider that it was disputing the resubmitted bill to file its Application for Fee Review. Provider argues that because it filed its Application for Fee Review within thirty days of when Insurer

---

4. This Court's scope of review is limited to determining whether there has been a violation of constitutional rights or errors of law committed and whether necessary findings of fact are supported by substantial evidence. *Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe)*, 539 Pa. 322, 652 A.2d 797 (1995).

denied payment, the Hearing Officer erred in determining that the application was untimely.

As noted herein, Section 306(f.1)(5) of the Act provides that a provider who has submitted the reports and bills required by Section 306(f.1) and who disputes the amount or timeliness of the payment from the employer or insurer, shall file an application for fee review no more than thirty days following notification of a disputed treatment or ninety days following the original billing date of treatment. 77 P.S. § 531(5). The medical cost containment regulations promulgated by the Department provide that the application shall be filed no more than thirty days following notification of a disputed treatment or ninety days following the original billing date of the treatment, *whichever is later.* 34 Pa.Code § 127.252(a) (emphasis added).

Section 306(f.1)(2) of the Act provides that an employer shall not be liable to pay for treatment of an injured employee until the mandated periodic reports have been filed with the employer on a form prescribed by the Department. 77 P.S. § 531(2). The medical cost containment regulations provide that if a provider does not submit the required medical reports on the prescribed form, the employer, or the insurer if the employer is covered by an insurer, is not obligated to pay for the treatment covered by the report until the required report is received by the employer or insurer. 34 Pa.Code § 127.203. In addition, the regulations provide that until a provider submits bills on the specified form, insurers are not required to pay for the treatment billed. 34 Pa.Code § 127.202.

Provider's arguments in this appeal indicate that this Court should look outside the provisions of subsection 5 of Section 306(f.1) of the Act and hold that its second Application for Fee Review was timely due

to the provisions of subsection 2 of Section 306(f.1). To do otherwise, Provider contends, results in an absurd interpretation of the Act and the accompanying regulations.

When interpreting a statute, a court must ascertain and effectuate the intent of the General Assembly and give full effect to each provision of the statute if at all possible. Section 1921(a) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(a); *Galloway v. Workers' Compensation Appeal Board (Pennsylvania State Police)*, 756 A.2d 1209 (Pa.Cmwlth.2000). Where the words of a statute are clear and free from ambiguity, the letter of the statute is not to be disregarded under the pretext of pursing its spirit. Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b). Further, when construing one section of a statute, the courts must read that section not by itself, but with reference to, and in light of, the other sections because there is a presumption that in drafting the statute, the General Assembly intended the entire statute to be effective. Section 1922(2) of the Statutory Construction Act of 1972, 1 Pa. C.S. § 1922(2); *Galloway.* Finally, when interpreting a statute, it is presumed that the General Assembly did not intend an absurd or unreasonable result, and in this regard, the court is permitted to examine the practical consequences of a particular interpretation. Section 1922(1) of the Statutory Construction Act of 1972, 1 Pa. C.S. § 1922(1); *Commonwealth v. Diakatos*, 708 A.2d 510 (Pa.Super.1998).

With these principles in mind, we hold that the Hearing Officer erred when she determined that Provider's second Application for Fee Review was untimely. Reviewing the provisions of Section 306(f.1) and the accompanying regulations as a whole, it is clear that an employer or its insurer is not liable to pay for any treat-

ment to an injured employee until the provider of the treatment forwards the required reports to employer. It is equally clear that only a provider who has submitted the required reports and bills to an insurer has standing to seek review of the fee dispute by filing an application for fee review. *See* Section 306(f.1)(5) of the Act and 34 Pa.Code § 127.251.[5] This requirement reinforces the requirement found in Section 306(f.1)(2) that an employer shall not be liable to pay for treatment until the mandated reports have been filed with the employer.

Consequently, it is conceivable that an employer or insurer may never become liable for the payment of treatment if the provider fails to comply with the reporting requirements. Moreover, there is no provision in the Act prohibiting a provider from resubmitting a bill to an employer or insurer once the provider has submitted the reports and bills required by Section 306(f.1). However, if a provider believes that it has submitted the pertinent reports and submits a bill to an employer or insurer and payment for the treatment is denied, the question then becomes who or what entity decides whether the provider has complied with the reporting requirements thereby attaching liability upon the employer or insurer. Pursuant to the statutory scheme, the answer to this question is the Bureau through the fee review process.

As set forth above, a provider must file an application for fee review no more than thirty days following notification of a disputed treatment or ninety days following the original billing date of the treatment, whichever is later. Therefore, although the time limitation found in Section 306(f.1)(5) may have passed based on the original billing date, if the insurer denies payment of a resubmitted bill, a provider still has thirty days following the notification of the denial to pay the resubmitted bill to seek review of the fee dispute.

We believe that the foregoing interpretation of Section 306(f.1) and the accompanying regulations takes into consideration the practical consequences of the situation at issue here.[6] Any other interpretation would leave the provider without any recourse to seek payment for a disputed treatment if the provider is barred from resubmitting a bill that has gone through the fee review process and denied on the basis of failure to comply with the reporting requirements-a failure which can easily be remedied by providing the pertinent missing information or reports.

Accordingly, the Hearing Officer's decision is reversed and this matter is remanded for a determination, consistent with this opinion, by the Hearing Officer.

## ORDER

AND NOW, this *18th* day of *October*, 2001, the order of the Hearing Officer in the above captioned matter is reversed and this matter is remanded for a determination, consistent with the foregoing opinion, on Harburg Medical Sales Company's March 11, 2000 Application for Fee Review.

Jurisdiction relinquished.

---

5. Section 127.251 of the medical cost containment regulations provides that "[a] provider who has submitted the required bills and reports to an insurer and who disputes the amount or timeliness of the payment made by an insurer, shall have standing to seek review of the fee dispute by the Bureau."

6. We note that Insurer did not dispute the reasonableness and necessity of the treatment at issue in this dispute.