**THOMAS JEFFERSON UNIVERSITY HOSPITAL, Petitioner,**

**v.**

**BUREAU OF WORKERS' COMPENSATION MEDICAL FEE REVIEW HEARING OFFICE and Maryland Casualty Insurance Co., Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 30, 2001.

Decided Jan. 4, 2002.

Publication Ordered March 26, 2002.

Howard R. Maniloff, Philadelphia, for petitioner.

No appearance entered on behalf of respondent.

Before PELLEGRINI, Judge, FRIEDMAN, Judge, and FLAHERTY, Senior Judge.

PELLEGRINI, Judge.

Thomas Jefferson University Hospital (Provider) appeals from an order of the Department of Labor and Industry, Bureau of Workers' Compensation (Bureau) Medical Fee Review Hearing Office, determining that Provider failed to timely file its fee dispute application in accordance with Section 306(f.1)(5) of the Workers'

---

Compensation Act (Act)[1] and Section 127.252 of the Department of Labor and Industry (Department) cost containment regulations.[2]

The initiation of fee disputes is governed by Section 306(f.1)(5) of the Act which provides that a provider who has submitted reports and a bill to an employer or insurer and disputes the amount of payment rendered or the timeliness of the payment, "shall file an application for fee review with the department *no more than thirty (30) days following notification of a disputed treatment or ninety (90) days following the original billing date of treatment.*" 77 P.S. § 531(5). (Emphasis added). The medical cost containment regulations promulgated by the Department provide that the application shall be filed no more than 30 days following notification of a disputed treatment or ninety days following the original billing date of the treatment, whichever is later. 34 Pa. Code § 127.252(a). However, pursuant to Section 127.255 of the Department's cost containment regulations, an application will be deemed prematurely filed and returned by the Bureau if the insurer denies liability for the alleged work injury or files a request for utilization review of the treatment. 34 Pa.Code § 127.255.[3]

By letter dated August 4, 1997, Provider's counsel notified Maryland Casualty Insurance Co. (Insurer) that it sought payment for medical care rendered to James Robinson (Claimant), an employee of In-

tech Construction (Employer), from the period of December 20, 1994 to February 21, 1997. Insurer never responded to that letter. During that time, in December 1997, a Workers' Compensation Judge (WCJ) rendered a decision regarding the underlying workers' compensation proceeding. Beginning in January 1998, Provider made various requests to Employer and Insurer to secure a copy of the 1997 decision in which Claimant and Insurer were parties. Because neither Employer nor Insurer responded to its request, Provider contacted the Bureau for a copy of the order and decision but was informed by the Bureau in November 1998 that it had not retained the decision and order and a copy of it was not available.

On August 19, 1999, Provider submitted an application for fee review to the Bureau requesting a review of both the amount and timeliness of payment by Insurer with regard to Provider's medical bills. Finding that the application was incomplete and a new application with supporting documentation would need to be submitted, the Bureau returned Provider's application without a decision on the merits. Provider thereafter resubmitted a completed application requesting that the Bureau review only the timeliness of payment by Insurer.[4] On January 5, 2000, the Bureau issued a decision denying Provider's application finding that it failed to file the application within the time limits prescribed by Section

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 531(5).

2. 34 Pa.Code § 127.252.

3. Specifically, Section 127.255 provides:
   The Bureau will return applications for fee review prematurely filed by providers when one of the following exists:
   (1) The insurer denies liability for the alleged work injury.
   (2) The insurer has filed a request for utilization review of the treatment under Sub-

chapter C (relating to medical treatment review).
   (3) The 30–day period allowed for payment has not yet elapsed, as computed under § 127.208 (relating to time for payment of medical bills).

4. Provider resubmitted two applications on November 22, 1999 and December 9, 1999, which the Bureau had returned as incomplete. Provider again submitted an application on December 20, 1999, which the Bureau determined was adequate.

306(f.1)(5) of the Act because it failed to file within 90 days of the billing date.

Provider contested the decision and filed a request for a *de novo* hearing with the Bureau's Fee Review Hearing Office contending that its application was timely filed. It asserted that although, pursuant to Section 306(f.1)(5) of the Act, it had 90 days in which to file its application after its August 1997 billing date, because Insurer was disputing liability in the underlying workers' compensation action, the 90 day filing period had not began to run because any application would have been rejected by the Bureau as premature pursuant to 34 Pa.Code § 127.252.

At the hearing, only Provider's counsel offered a "negotiations" log establishing that on January 12, 1998, during a phone conversation with Insurer, Provider was informed that the medical bills had been forwarded to Insurer's counsel and, during a subsequent conversation taking place a few days later, Insurer had informed Provider that whatever bills were to be paid pursuant to the WCJ's order would be paid and no more. Provider further noted that from January 15, 1998 through September 23, 1998, it made various attempts to secure the decision and order but remained unsuccessful, all of which was evidence that Insurer was either contesting liability or contesting the necessity of services. Because Provider never obtained a copy of the WCJ's decision, it was not part of the record.

Based on Provider's testimony and documentary evidence alone,[5] the hearing officer determined that Provider failed to establish that Insurer, in fact, disputed liability. The hearing officer concluded that Provider's initial billing statement to Insurer did not indicate an ongoing or past liability dispute relating to the claim, nor did it indicate that Insurer had informed Provider that it was disputing liability. Although Provider was unable to obtain a copy of the WCJ's decision, the hearing officer found that nothing indicated that Insurer was disputing liability for Claimant's 1994 injury or that the decision related to Insurer's challenge of the reasonableness and necessity of the treatment given by Provider. The hearing officer concluded that because the 90 day time period for filing the application was triggered as of the August 1997 billing date, Provider's 1999 fee application was not timely filed. This appeal by Provider followed.[6]

On appeal, Provider contends that the hearing officer improperly placed the burden of proof on it to establish the timeliness of the application when, pursuant to 34 Pa.Code § 127.259(f),[7] Insurer bore the burden of proving that it properly reimbursed Provider. Because Insurer presented no evidence on its behalf, Provider asserts that its fee application should not have been dismissed as untimely. However, what this contention ignores is that prior to Insurer proving that it properly reimbursed Provider for its fees, it is Provider, in the first instance, that must file a timely application in accordance with Sec-

---

5. Although provided with notice of the hearing, Insurer failed to attend. Further, the Bureau intervened in the proceedings and was present at the hearing but failed to present any evidence on its behalf.

6. Our scope of review is limited to determining whether there has been a violation of constitutional rights or errors of law committed and whether necessary findings of fact are supported by substantial evidence. *Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe),* 539 Pa. 322, 652 A.2d 797 (1995).

7. 34 Pa.Code § 127.259(f) specifically provides that "insurer shall have the burden of proving by a preponderance of the evidence that it properly reimbursed the provider."

tion 306(f.1)(5) of the Act and 34 Pa.Code § 127.252(a). In order for the 90–day period from the original billing date to be inapplicable, Provider had to prove that there was a dispute as to liability, which it failed to do. Absent any indication of an ongoing liability, Provider had 90 days from the original billing date to file an application for review, and because it failed to do so, the Bureau correctly concluded that the application was time barred.[8]

Accordingly, the order of the Bureau's fee review hearing officer is affirmed.

### ORDER

AND NOW, this 4th day of January, 2002, the order of the Department of Labor and Industry, Bureau of Workers' Compensation Medical Fee Review Office, dated May 17, 2001, is affirmed.

---

**8.** Provider also argues that even if it bore the burden of proving the existence of a liability dispute, because of the unique circumstances at issue in this case relating to the Bureau's improper application returns and Provider's inability to obtain a copy of the 1997 WCJ's decision, the burden should be placed on Insurer. However, Provider was aware of that decision in January 1998, and even if it involved a dispute as to liability, tolling the time to file a fee review application, the application was not filed until 18 months later, well beyond the 30 days set forth in 34 Pa.Code § 127.252.