**TEMPLE UNIVERSITY HOSPITAL,
Petitioner,**

**v.**

**PENNSYLVANIA DEPARTMENT OF
LABOR AND INDUSTRY, Bureau of
Workers' Compensation, Fee Review
Hearing Office and American Protec-
tion Insurance Company, Respon-
dents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 10, 2004.

Decided Feb. 9, 2005.

Publication Ordered May 5, 2005.

Howard R. Maniloff, Philadelphia, for petitioner.

John P. Meyers, Philadelphia, for respondent.

BEFORE: McGINLEY, J., and COHN JUBELIRER, J., and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Temple University Hospital (Provider) petitions for review from an order of the hearing officer of the Department of Labor and Industry, Bureau of Workers' Compensation (Bureau) Fee Review Hearing Office, which determined that Provider failed to timely file its fee dispute application in accordance with Section 306(f.1)(5) of the Workers' Compensation Act (Act).[1] We affirm.

Walter Michaelczyk (Claimant) an employee of Mike Spano & Sons (Employer) was admitted to Provider's facility on December 19, 2000 for the treatment of work-related burns and remained there until January 8, 2001.

On May 3, 2001, Provider submitted a bill for services provided to Claimant to Kemper Insurance Company (Kemper) in the amount of $106,119.81. Kemper issued checks to Provider on May 7, 2001 and October 26, 2001 in the amounts of $20,190.69 and $13,965.65 respectively. Along with the checks, Kemper sent to

**1.** Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 531(5).

Provider on each occasion an audit of medical charges. These audit forms listed Claimant's name, his employer and also listed the carrier as American Protection Agency (American). The audit forms also explained Kemper's review of the charges and notification of the amount determined to be reimbursable. The audit forms directed that all future bills for the Claimant be sent to Kemper and listed its address.

Nearly a year after it initially sent a bill to Kemper, Provider, on May 8, 2002, submitted a bill to American for services provided to Claimant, for the amount not paid by Kemper, totaling $71,963.47. American did not respond to the request. Thereafter, on July 15, 2002, Provider filed an application for fee review with the Bureau pursuant to Section 306(f.1) of the Act, requesting review of the amount and timeliness of payment for medical services with regard to Claimant. On the application, Provider listed American as the insurer.

The Bureau issued a decision on December 4, 2002, denying Provider's application finding that it failed to file the application within the time limits prescribed by Section 306(f.1)(5) of the Act because it failed to file an application for fee review within 90 days of the billing date. Provider contested the decision and filed a request for a de novo hearing with the Bureau's Fee Review Hearing Office contending that its application was timely filed.

The hearing officer determined that, in accordance with Section 306(f.1)(5) of the Act, Provider had at most 90 days from the date it originally submitted its bill to the insurance company to challenge the amount or timing of the payment. Here, Provider originally billed Kemper on May 3, 2001 for services rendered to Claimant. Thus, Provider had 90 days, or until August 2, 2001, to challenge the amount or timeliness of the payments via an application for fee review. However, Provider did not file its application for fee review until July 15, 2002, after American failed to pay the bill Provider had submitted to American on May 8, 2002. Because Provider waited until May 8, 2002 to file its application for fee review, the hearing officer determined that it was untimely and denied and dismissed the application. This appeal followed.[2]

■ On appeal, Provider argues that its application for fee review was timely, arguing that the 90 days within which to file an application for fee review began on May 8, 2002, when Provider sent American, the responsible insurer, a bill for Claimant's services. Provider claims that, inasmuch as Kemper was not the responsible insurer, Provider, having originally submitted a bill to Kemper on May 7, 2001, did not start the 90 day period referenced in Section 306(f.1)(5) of the Act.[3] We disagree.

■ Section 306(f.1)(5) of the Act governs the initiation of fee disputes and states that a provider who has submitted reports and a bill to an employer or insurer and disputes the amount of payment rendered or the timeliness of the payment "shall file an application for fee review with the department no more than thirty (30) days following notification of a disputed treatment or ninety (90) days following the original billing date of treatment." The medical cost containment regulations

2. Our review is limited to determining whether constitutional rights were violated, an error of law committed and whether the necessary findings are supported by substantial evidence. *Harburg Medical Sales Company v. Bureau of Workers' Compensation (PMA Insurance Company)*, 784 A.2d 866 (Pa. Cmwlth.2001).

3. The hearing examiner made no findings with respect to the relationship between Kemper and American.

provided by the Department state that the application shall be filed no more than 30 days following notification of a disputed treatment or ninety days following the original billing date of the treatment, which ever is later. 34 Pa.Code § 127.252(a). The provider has 90 days from the original billing date to file a petition for fee review. *Thomas Jefferson University Hospital v. Bureau of Workers' Compensation Medical Fee Review Hearing Office,* 794 A.2d 933 (Pa.Cmwlth.2002).

Both the Act and the Code refer to "the original billing date" of the treatment. The hearing officer concluded that the original billing date was May 3, 2001. Provider argues, however, that the 90 day statute of limitations did not begin to run until May 8, 2002, when it sent a bill to the insurer it claims was actually responsible for paying the claim, American.

Here, Kemper made payment to Provider after it was billed for services provided to Claimant. The audit forms sent by Kemper with the checks requested that further inquiries be sent to Kemper but also listed the insurance carrier as American and also provided its address. If Provider had a dispute as to the amount or timeliness of the payment, as it did here, it was required to file a petition within 90 days of the original billing date. For Provider to argue that the time period did not begin to run until it sent American a bill ignores the fact that payment was in fact made to and accepted by Provider and, in accordance with the Act, if it had a dispute as to the amount paid, it had 90 days after submission of the bill to file a petition.

Moreover, this is not a case where the insurer was not known to Provider. The audit forms sent by Kemper stated that the insurer was American. The forms further provided that all additional billing was to be sent to Kemper and Kemper, in fact, was the party who sent payment to Provid-

er, which payment was accepted by Provider.

In accordance with the above, the decision of the Bureau's fee review hearing officer is affirmed.

### ORDER

Now, February 9, 2005, the decision of the Bureau's fee review hearing officer, in the above-captioned matter, is affirmed.