IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Mandel, M.D.,                  :
                    Petitioner         :
                                       :    No. 1126 C.D. 2015
              v.                       :
                                       :    Submitted: October 16, 2015
Bureau of Workers' Compensation        :
Fee Review Hearing Office (Penn        :
National Security Insurance Company),  :
                    Respondent         :


BEFORE:    HONORABLE DAN PELLEGRINI, President Judge[1]
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                              FILED:  January 27, 2016


            Richard Mandel, M.D., petitions for review of the decision of a fee
review hearing officer (Hearing Officer) involving nine consolidated fee review
petitions, all relating to therapeutic magnetic resonance (TMR) treatment provided to
Edward Tygh (Claimant) on multiple dates in 2009 and 2010.  By decision and order
dated May 26, 2015, the Hearing Officer granted in part and denied in part eight fee
review applications,  numbers  321567,  321442,  321449,  321451,  321466,  321443,

_____

[1] This case was assigned to the opinion writer on or before December 31, 2015, when
President Judge Pellegrini assumed the status of senior judge.

321563, and 322482, and directed that the same be paid under CPT code 97032.[2, 3] The Hearing Officer also denied and dismissed another application, number 322391, as untimely filed.

Claimant sustained an injury in the course and scope of his employment with Blasz Construction (Employer) on February 2, 2009. At that time, Penn National (Insurer) provided Employer's workers' compensation insurance coverage. Claimant eventually came under the care of Dr. Mandel, who applied TMR therapy on multiple dates in 2009 and 2010. After billing, numerous disputes arose between Dr. Mandel and Insurer regarding the appropriate coding and reimbursement for this treatment.[4] Dr. Mandel submitted these disputes to the Bureau of Workers' Compensation Fee Review Office, which decided the disputes in Insurer's favor. Dr. Mandel then filed multiple requests for review of these fee review determinations. These requests were consolidated and assigned to the Hearing Officer for *de novo* review. (Hearing Officer's Findings of Fact Nos. 1-4.)

In the course of hearings before the Hearing Officer, Dr. Mandel stipulated that Insurer had properly downcoded the TMR therapy claims relating to fee review application numbers 321567, 321442, 321449, 321451, 321466, 321443, and 322482, to CPT code 97032. Dr. Mandel also stipulated that fee review

---

[2] CPT code refers to a "Current Procedural Terminology" code developed, maintained, and copyrighted by the American Medical Association to help ensure uniformity among medical professionals and the health insurance industry. CPT codes consist of a group of numbers assigned to every task and service a medical practitioner may provide to a patient, including medical, surgical and diagnostic services.

[3] The Hearing Officer further awarded Dr. Mandel interest at the rate of 10% of the charges with respect to four treatment dates, February 8, 15, 19, and 22, 2010, encompassed under application number 321563.

[4] Dr. Mandel sought payment of $3,298.00 for each treatment.

application number 322391 was untimely filed and that the only fee review application in which a material issue needed to be resolved was number 321563. (Hearing Officer's Findings of Fact Nos. 5-6.)

Insurer alleged that fee review application number 321563 was untimely because it was not filed within thirty days following notification of a disputed fee.[5] Insurer noted that the explanation of benefits denying the charges related to this fee review application was dated November 18, 2011, but the application was not filed until December 23, 2011. In response, Dr. Mandel referenced the documentation submitted to the Fee Review Office, which included Insurer's explanation of benefits (EOB) and the envelope containing the same, which bore a postmark of November 23, 2011. (Hearing Officer's Finding of Fact No. 7.)

Insurer presented the deposition testimony of Linda Lengle, RN, a medical bill review repricing manager for a third party that processed bills for Insurer.[6] Lengle testified regarding the November 2011 EOB. She explained that the original bills received from Dr. Mandel for the relevant dates of service were coded 01999, which was a code that applied to unlisted anesthesia, and were missing required information specifying exactly what was done on the relevant treatment dates. Lengle stated that, as a result, these bills were denied and not repriced. While

---

[5] Section 306(f.1)(5) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §531(5), provides, in relevant part, that "[a] provider who has submitted the reports and bills required by this section and who disputes the amount or timeliness of the payment from the employer or insurer shall file an application for fee review with the department no more than thirty (30) days following notification of a disputed treatment or ninety (90) days following the original billing date of treatment."

[6] Counsel for Dr. Mandel did not attend the deposition. Counsel for Insurer noted at the beginning of the deposition that counsel for Dr. Mandel was advised of the deposition two weeks prior and, despite repeated attempts, he was unable to reach said counsel.

Dr. Mandel's fee review application included revised claim forms dated December 22, 2011, for the relevant treatment dates identifying the TMR therapy as CPT code 76498, Lengle testified that she did not believe that Dr. Mandel had ever resubmitted these bills to Insurer. Lengle explained that the system used by her employer would have indicated that duplicate bills were submitted, but she acknowledged that she did not know if they were in fact resubmitted by Dr. Mandel. (Hearing Officer's Finding of Fact No. 8.)

Ultimately, the Hearing Officer issued a decision and order granting in part and denying in part Dr. Mandel's fee review application number 321563. The Hearing Officer concluded that Dr. Mandel's December 23, 2011 fee review application was timely filed, noting that the envelope containing the relevant EOB was postmarked November 23, 2011, and, hence, Dr. Mandel could not have received the same before November 24, 2011. The Hearing Officer also concluded that Insurer had properly responded to Dr. Mandel's billing by providing a written explanation as to why it was denying, and not downcoding, the bills. Additionally, the Hearing Officer concluded that reimbursement for the treatment dates encompassed within each fee review application, with the exception of untimely number 322391, was proper under CPT code 97032. Finally, the Hearing Officer concluded that Dr. Mandel was estopped from arguing that any other CPT code was applicable to TMR therapy based upon prior fee review hearing officer decisions.

With respect to any purported resubmission of the relevant medical bills, the Hearing Officer noted that "[a]s far as the undersigned knows, this new billing/submission of December 12 [sic], 2011 has not been denied and is the responsibility of carrier, payable as CPT Code #97032." (Hearing Officer's Finding of Fact No. 11(e).) Dr. Mandel thereafter filed a petition for review with this Court.

4

On appeal,[7] Dr. Mandel argues that the Hearing Officer erred in concluding that the proper CPT code with respect to fee review application number 321563 was 97032. More specifically, Dr. Mandel argues that he should be entitled to his actual charges because Insurer failed to strictly adhere to the downcoding regulations or avail itself of other remedies under the Act following his resubmission of the bills with CPT code 76498 in December 2011. We disagree.

Section 306(f.1)(1)(i) of the Act, 77 P.S. §531(1)(i), requires employers to provide payment for reasonable surgical and medical services rendered by physicians or other health care providers to claimants entitled to workers' compensation. Section 306(f.1)(2) requires any provider who treats an injured employee to file periodic reports with the employer on a form prescribed by the Bureau of Workers' Compensation (Bureau) which shall include, where pertinent, history, diagnosis, treatment, prognosis, and physical findings. 77 P.S. §531(2). Additionally, section 306(f.1)(3)(i)-(viii) caps a provider's charge at 113% of the applicable Medicare reimbursement rate and requires providers to use the appropriate Medicare procedure codes to identify the provided treatment. 77 P.S. §531(3)(i)-(viii).

The Bureau has set forth specific procedures for the submission of medical bills in its Medical Cost Containment Regulations (Regulations). 34 Pa. Code §§127.1-127.755. A medical provider must submit requests for payment of

---

[7] Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact were supported by substantial evidence. *National Mutual Fire Insurance Co. v. Bureau of Workers' Compensation Fee Review Hearing Office*, 981 A.2d 366, 368 (Pa. Cmwlth. 2009), *appeal denied*, 990 A.2d 731 (Pa. 2010).

medical bills on Health Care Financing Administration (HCFA)[8] Form 1500, the UB92 Form (HCFA Form 1450), or any successor forms required by the HCFA for submission of Medicare claims. 34 Pa. Code §127.201(a). In addition, the provider must identify the treatment using the appropriate code under the Healthcare Common Procedure Coding System (HCPCS)-HCFA Common Procedure Coding System. 34 Pa. Code §§127.3, 127.201(b). Employers and insurers are not required to pay for treatment billed until a medical provider submits bills on one of the specified forms. 34 Pa. Code §127.202(a). The Regulations mirror the Act's requirement that providers who treat injured employees submit periodic medical reports on a form prescribed by the Bureau. 34 Pa. Code §127.203. Further, providers are required to state their actual charges for the treatment rendered, and it is the insurer's responsibility to calculate the proper amount of payment for that treatment, which may include the downcoding of a provider's assigned treatment code. 34 Pa. Code §§127.205, 127.207.

In medical fee disputes, the burden is initially upon the provider to establish that its application for fee review was timely filed. *Pittsburgh Mercy Health System v. Bureau of Workers' Compensation, Fee Review Hearing Office (US Steel Corporation)*, 980 A.2d 181, 184 (Pa. Cmwlth. 2009). Once a provider meets this burden, the burden then shifts to the insurer to establish by a preponderance of the evidence that it properly reimbursed the provider. 34 Pa. Code §127.259(f); *Thomas Jefferson University Hospital v. Bureau of Workers' Compensation Medical Fee Review Hearing Office*, 794 A.2d 933, 935 (Pa. Cmwlth. 2002).

As noted above, the Hearing Officer found that fee review application number 321563 was timely filed and this finding is not disputed on appeal. Hence,

---

[8] The HCFA is now known as the Centers for Medicare & Medicaid Services, or CMS.

6

the burden shifted to Insurer to establish that it properly reimbursed Dr. Mandel. In order to meet this burden, Insurer presented the testimony of Lengle, a medical bill review repricing manager for a third party that processed bills for Insurer. Lengle testified that the original bills submitted by Dr. Mandel identified the TMR therapy as CPT code 01999, a code that applied to unlisted anesthesia, and were missing required information specifying exactly what was done on the relevant treatment dates. As a result, Insurer denied these bills and Dr. Mandel received zero reimbursement. Hence, Insurer provided sufficient testimony to meet its burden that it properly reimbursed Dr. Mandel.

As the Hearing Officer noted, Dr. Mandel did not present any evidence to contradict Lengle's testimony or to establish that CPT code 01999 was the proper code for TMR therapy. *See* Hearing Officer's Finding of Fact No. 9. While Dr. Mandel currently argues that he was entitled to full reimbursement in light of his resubmission of the relevant bills in December 2011 with CPT code 76498, he presented no evidence that these bills were ever submitted to Insurer. At most, the record reveals that these revised bills were simply attached to Dr. Mandel's fee review application as exhibits. In this regard, to the extent that the Hearing Officer found that the resubmitted bills had not been denied and were the responsibility of Insurer, we note that the record does not support such a finding. Consistent with the Regulations, an insurer has no obligation to pay or downcode a bill until it is submitted by the provider on the proper forms.[9] Furthermore, while Insurer's denial

___

[9] The Regulations with respect to downcoding require an insurer to notify a provider in writing of the proposed changes and the reasons supporting the changes. 34 Pa. Code §127.207(a)(1). Insurers also must give a provider 10 days to respond to the notice of proposed changes as well as the opportunity to discuss the proposed changes and offer support for the original coding decisions. 34 Pa. Code §127.207(a)(2), (b). Had the bills been properly resubmitted to Insurer, and Insurer taken no further action, Dr. Mandel would have been entitled to reimbursement **(Footnote continued on next page…)**

of the original bills in their entirety appears proper, Insurer did not appeal the Hearing Officer's decision directing that payment for the treatment dates included within fee review application number 321563 be made under CPT code 97032.

Because the record lacks evidence that Dr. Mandel resubmitted the relevant bills to Insurer with CPT code 76498, Insurer was under no obligation to issue an EOB regarding the same or otherwise initiate the downcoding process. Hence, Dr. Mandel was not entitled to his actual charges for these bills.

Next, Dr. Mandel contends that the Hearing Officer erred in concluding that he was estopped from arguing that any CPT code other than 97032 was applicable to the TMR therapy he provided to Claimant. We agree, but conclude that such error was harmless.

Dr. Mandel relies upon our previous decision in *Walsh v. Bureau of Workers' Compensation Fee Review Hearing Office*, 67 A.3d 117 (Pa. Cmwlth. 2013), for support. In *Walsh*, which also involved a dispute over charges for TMR therapy, a hearing officer granted an insurer's motion to dismiss multiple fee review applications filed by multiple providers on the basis that the decisions from another hearing officer, which resolved the identical downcoding issue in favor of the insurer relating to this treatment, collaterally estopped the providers from challenging this same downcoding in the future. However, the hearing officer did so without considering whether the insurer had properly complied with the downcoding

---

**(continued…)**

of his actual charges. *See* 34 Pa. Code §127.207(d) (an insurer's failure to strictly comply with the downcoding requirements will result in the resolution of an application for fee review in favor of a provider); *Liberty Mutual Insurance Co. v. Bureau of Workers' Compensation, Fee Review Hearing Office*, 37 A.3d 1264 (Pa. Cmwlth.), *appeal denied*, 53 A.3d 51 (Pa. 2012) (an insurer's failure to follow the procedures for downcoding entitled the providers to their actual charges).

requirements in each case. Ultimately, we held that section 127.207 of the Regulations was clear in requiring an insurer's mandatory compliance with the downcoding requirements and that a demonstration of compliance must be made before a hearing officer may address the merits of the downcoding. In other words, we stated that "it was improper for the hearing officer to consider the application of the doctrine of collateral estoppel before considering first whether Insurer complied with the requirements of Section 127.207." *Id.* at 123. Thus, we reversed the hearing officer's decision and remanded for a full *de novo* hearing.

In the present case, however, Dr. Mandel stipulated before the Hearing Officer that Insurer had properly downcoded the TMR therapy claims to CPT code 97032 in relation to fee review application numbers 321567, 321442, 321449, 321451, 321466, 321443, and 322482. Additionally, as noted above, fee review application number 321563 did not involve a downcoding of the TMR therapy, but instead involved a denial by Insurer, and there was no evidence that any revised bills were ever submitted to Insurer. Hence, *Walsh* is distinguishable from the present case and a remand is not warranted herein.

Dr. Mandel correctly notes in his brief that administrative agency decisions are not binding on this Court or even on the agency itself.[10] *Liberty Mutual*

_____

[10] Dr. Mandel also correctly notes that the Hearing Officer did not address the elements for collateral estoppel in his decision and order. The doctrine of collateral estoppel operates to preclude the re-litigation of issues of fact or law determined in a prior proceeding. *Mason v. Workmen's Compensation Appeal Board (Hilti Fastening Systems Corp.)*, 657 A.2d 1020, 1023 (Pa. Cmwlth.), *appeal denied*, 668 A.2d 1140 (Pa. 1995). Collateral estoppel applies if: (1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to actually litigate the issue in the prior proceeding; and (5) the determination in the prior proceeding was essential to the judgment. *Callowhill Center Associates, LLC v. Zoning Board of Adjustment*, 2 A.3d 802, 809 (Pa. Cmwlth. 2010), *appeal denied*, 20 A.3d 489 (Pa. 2011).

*Insurance Co. v. Bureau of Workers' Compensation, Fee Review Hearing Office*, 37 A.3d 1264, 1270 (Pa. Cmwlth.), *appeal denied*, 53 A.3d 51 (Pa. 2012). Thus, the Hearing Officer erred in concluding that prior hearing officer decisions served to collaterally estop Dr. Mandel from challenging the proper coding for TMR therapy. Nevertheless, given Dr. Mandel's stipulation discussed above and the lack of any downcoding by Insurer with respect to fee review application number 321563, we conclude that such error was harmless.

Accordingly, the order of the Hearing Officer is affirmed.


_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Mandel, M.D.,                          :
                Petitioner              :
                             :   No. 1126 C.D. 2015
            v.                        :
                             :
Bureau of Workers' Compensation               :
Fee Review Hearing Office (Penn               :
National Security Insurance Company),  :
                Respondent              :

## ***ORDER***

AND NOW, this 27th day of January, 2016, the order of the Bureau of Workers' Compensation Fee Review Hearing Officer, dated May 26, 2015, is hereby affirmed.

 

                                      _____
                                      PATRICIA A. McCULLOUGH, Judge