IN THE COMMONWEALTH COURT OF PENNSYLVANIA

PMA Management Corporation,      :
                      Petitioner      :
                                          :
                  v.                       :   No. 1757 C.D. 2017
                                          :   Submitted: December 12, 2018
Bureau of Workers' Compensation Fee  :
Review Hearing Office (Harburg       :
Medical Sales, Co., Inc.),           :
                  Respondent    :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                 HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE ROBERT SIMPSON, Judge
                 HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                FILED: April 12, 2019

          PMA Management Corporation (PMA)[1] petitions for review of an adjudication of the Bureau of Workers' Compensation (Bureau), Fee Review Hearing Office (Hearing Office) granting in part, and denying in part, the appeals of five fee determinations of the Bureau's Medical Fee Review Section made with respect to the fee review applications of Harburg Medical Sales Company, Inc. (Medical Goods Supplier). PMA argues that the Hearing Office erred in addressing the merits of the fee determinations of the Medical Fee Review Section because Medical Goods Supplier is not a "provider" under the Pennsylvania Workers'

---

[1] PMA is the third party administrator for the School District of Philadelphia, a self-insured employer.

Compensation Act (Act).[2]   Concluding this matter is controlled by our recent decision in *Armour Pharmacy v. Bureau of Workers' Compensation Fee Review Hearing Office (Wegman's Food Markets, Inc.)*, __ A.3d __, (Pa. Cmwlth., No. 1725 C.D. 2017, filed March 29, 2019) (en banc) (*Armour I*), we vacate and remand.

Dr. Michael McCoy prescribed Roy Mills (Claimant) disposable heat wraps, replacement pads for an electrical muscle stimulator device, Vitamin E lotion, adhesive remover and batteries to treat Claimant's work-related neck and back injuries.[3]   Medical Goods Supplier dispensed these items to Claimant and billed PMA, which denied payment on some of the items.   PMA asserted that the documentation was insufficient and exceeded the usual and customary price.   In response, Medical Goods Supplier filed five applications with the Medical Fee Review Section, requesting a review of PMA's refusal to pay its invoices.   After the Medical Fee Review Section upheld PMA's decisions, Medical Goods Supplier requested a hearing.

The Hearing Office assigned the matters to a hearing officer, who held several hearings in 2015 and 2016.   The hearings addressed: (1) whether PMA was required to reimburse Medical Goods Supplier for disposable heat wraps; (2) whether PMA was required to reimburse Medical Goods Supplier for replacement pads, Vitamin E lotion, adhesive remover and batteries, which are used with an electrical muscle stimulator device; and (3) whether Medical Goods Supplier had overcharged for these items by "unbundling."[4]

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2710.

[3] Section 306(f.1)(1)(i) of the Act requires an employer to pay for "reasonable surgical and medical services, services rendered by physicians or other *health care providers* ... medicines and supplies, as and when needed."   77 P.S. §531(1)(i) (emphasis added).

[4] Section 306(f.1)(3)(viii) states:

2

On January 30, 2017, PMA filed a motion to dismiss the hearing requests. Section 109 of the Act defines a "[h]ealth care provider" as follows:

> [A]ny person, corporation, facility or institution licensed or otherwise authorized by the Commonwealth to provide health care services, including, but not limited to, any physician, coordinated care organization, hospital, health care facility, dentist, nurse, optometrist, podiatrist, physical therapist, psychologist, chiropractor or pharmacist and an officer, employe or agent of such person acting in the course and scope of employment or agency related to health care services.

77 P.S. §29. PMA asserted that Medical Goods Supplier did not meet the definition of a health care provider. Medical Goods Supplier responded that it has a "National Provider Identifier" Number and "[y]ou cannot get a national [p]rovider number … unless you are a Health Provider." Answer to Motion to Dismiss at 3, ¶16; Reproduced Record at 273a (R.R. ___).

On October 26, 2017, the Hearing Office issued an adjudication. It acknowledged that it lacked jurisdiction to address the issue of whether Medical Goods Supplier was a "provider." However, it declined to dismiss the case, stating as follows:

> No legally cognizable argument has been advanced with regard to why a medical supply enterprise, the applications of which were accepted by the first level Fee Review Office, and whose participation in the proceedings before the Bureau, and even in Commonwealth Court goes back a decade, cannot prosecute these Requests. (As to prior litigation, see, e.g., *Harburg*

---

A provider shall not fragment or unbundle charges imposed for specific care except as consistent with Medicare. Changes to a provider's codes by an insurer shall be made only as consistent with Medicare and when the insurer has sufficient information to make the changes and following consultation with the provider.

77 PS. §531(3)(viii).

3

*Medical Sales Co. v. Bureau of Workers' Compensation (PMA Ins. Co.)*, 784 A.2d 866 (Pa. C[mwlth.] 2001)).

Hearing Office Adjudication at 19, Conclusion of Law ¶2; R.R. 294a.  On the merits, the Hearing Office concluded that some of the medical items had been impermissibly unbundled but that PMA did not provide valid reasons for denying reimbursement. Accordingly, the Hearing Office granted in part and denied in part the relief requested by Medical Goods Supplier.

PMA petitioned for the Court's review.[5]  PMA argues that it raised a meritorious challenge to Medical Goods Supplier's status as a "provider."  The Hearing Office improperly reached the merits of the case.

Recently, in *Armour I* we held that where an employer (or its insurer) challenges a fee determination of the Bureau's Medical Fee Review Section for the stated reason that the medical service was not rendered by a "provider" as defined by the Act, this threshold question must be decided by the Hearing Office.

Accordingly, consistent with *Armour I*, we vacate the Hearing Office's adjudication and remand the matter for a determination of whether Medical Goods Supplier is a provider within the meaning of Section 109 of the Act, 77 P.S. §29.

_____
MARY HANNAH LEAVITT, President Judge

---

[5] Our review in medical fee review cases determines whether constitutional rights were violated, whether an error of law was committed, or whether the necessary findings of fact were supported by substantial evidence. *Pittsburgh Mercy Health System v. Bureau of Workers' Compensation, Fee Review Hearing Office (U.S. Steel Corp.)*, 980 A.2d 181, 184 n.4 (Pa. Cmwlth. 2009). Regarding questions of law, our scope of review is plenary and our standard of review is *de novo*. *Sedgwick Claims Management Services, Inc., v. Bureau of Workers' Compensation, Fee Review Hearing Office (Piszel and Bucks County Pain Center)*, 185 A.3d 429, 433 n.2 (Pa. Cmwlth. 2018).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

PMA Management Corporation,        :
                      Petitioner    :
                                 :
             v.             :   No. 1757 C.D. 2017
                                 :
Bureau of Workers' Compensation Fee  :
Review Hearing Office (Harburg      :
Medical Sales, Co., Inc.),            :
                    Respondent  :

# **O R D E R**

AND NOW, this 12th day of April, 2019, the order of the Bureau of Workers' Compensation Fee Review Hearing Office, dated October 26, 2017, is hereby VACATED and this matter is REMANDED in accordance with the attached opinion.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge