IN THE COMMONWEALTH COURT OF PENNSYLVANIA

George White,                          :
                    Petitioner         :
                                       :
          v.                           :     No. 688 C.D. 2021
                                       :     Submitted: February 11, 2022
City of Philadelphia (Workers'         :
Compensation Appeal Board),            :
                    Respondent         :

BEFORE:     HONORABLE ANNE E. COVEY, Judge
            HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT                          FILED: April 29, 2022

          George White (Claimant) petitions for review of an adjudication of the
Workers' Compensation Appeal Board (Board) reinstating his total disability
benefits as of February 21, 2019, the date on which he petitioned for reinstatement.
On appeal, Claimant contends that the Board erred and should have reinstated his
benefits as of October 7, 2010, the date that his disability status was modified from
total to partial based upon an unconstitutional impairment rating evaluation (IRE)
conducted under former Section 306(a.2) of the Workers' Compensation Act (Act).[1]
In support, Claimant argues that our Supreme Court's decision in *Protz v. Workers'
Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017)
(*Protz II*), renders his IRE void *ab initio* and, thus, he is entitled to a reinstatement

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by Section 4 of the Act of June 24, 1996, P.L.
350, *formerly* 77 P.S. §511.2, repealed by the Act of October 24, 2018, P.L. 714.

of total disability status as of the date of the modification. Upon review, we affirm the Board.

On August 22, 2004, Claimant, while working for the City of Philadelphia (Employer) as a sanitation foreman, strained his left shoulder and forearm. On September 17, 2004, Employer acknowledged the injury and agreed to pay disability benefits at a weekly rate of $429.49 based upon an average weekly wage of $644.23.

On October 7, 2010, Employer filed a modification petition based upon an IRE performed under the Sixth Edition of the American Medical Association's Guides to the Evaluation of Permanent Impairment (AMA Guides), which resulted in a whole-body impairment rating of 4%. The Workers' Compensation Judge (WCJ) issued a decision modifying Claimant's disability status from total to partial effective October 7, 2010. Claimant did not appeal this decision.

On February 21, 2019, before the expiration of his 500 weeks of partial disability benefits, Claimant filed a petition to reinstate his total disability benefits as of October 7, 2010. In doing so, Claimant relied upon *Protz II*, 161 A.3d at 841, wherein our Supreme Court struck former Section 306(a.2) from the Act for the stated reason that the IRE provisions contained therein violated the non-delegation doctrine of the Pennsylvania Constitution.[2]

After a hearing, the WCJ granted Claimant's reinstatement petition and reinstated Claimant's total disability benefits as of the date of his petition, February 21, 2019. In so doing, the WCJ credited Claimant's testimony and found that he continues to be disabled as a result of the August 22, 2004, work injury. Claimant

---

[2] Article II, Section 1 of the Pennsylvania Constitution states that "[t]he legislative power of this Commonwealth shall be vested in a General Assembly, which shall consist of a Senate and a House of Representatives." PA. CONST. art. II, §1.

2

appealed to the Board, which affirmed the WCJ's decision. Claimant petitioned this Court for review.[3]

Before this Court, Claimant raises one issue. Claimant argues that the Board erred in reinstating his total disability benefits as of the date he filed his reinstatement petition because *Protz II* should be construed fully retroactive. *Protz II* held that the IRE process used in his case was unconstitutional; thus, it voided his IRE *ab initio* thereby entitling him to a reinstatement of total disability compensation as of October 7, 2010, the date his disability status was modified from total to partial. Claimant asserts that the Board's decision deprives him of a vested property right to total disability benefits and "allows for an unconstitutional statute to continue to negatively impact" him in violation of the Remedies Clause found in Article I, Section 11 of the Pennsylvania Constitution.[4] Claimant Brief at 9.

Employer responds that the Board's adjudication is consistent with this Court's decision in *Whitfield v. Workers' Compensation Appeal Board (Tenet Health System Hahnemann LLC)*, 188 A.3d 599 (Pa. Cmwlth. 2018). Further, this Court considered and rejected a similar argument regarding the retroactivity of *Protz II* in *Weidenhammer v. Workers' Compensation Appeal Board (Albright College)*, 232 A.3d 986 (Pa. Cmwlth. 2020). Employer contends that the Board did not err in

---

[3] We review the Board's adjudications to determine whether errors of law were made, whether constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. *Lehigh County Vo-Tech School v. Workmen's Compensation Appeal Board (Wolfe)*, 652 A.2d 797, 799 (Pa. 1995).

[4] It states:

> All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct.

PA. CONST. art. I, §11.

3

reinstating Claimant's total disability status as of the date he filed his reinstatement petition.

In *Whitfield*, the claimant's IRE was conducted under the Fifth Edition of the AMA Guides and yielded a whole-body impairment of 44%. Her disability compensation automatically converted from total to partial, and she collected partial disability compensation until 2014, when she exhausted her 500 weeks of partial disability benefits. Several months later, the claimant sought reinstatement of her total disability benefits based on this Court's holding in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406 (Pa. Cmwlth. 2015) (*Protz I*). The Board held that the claimant had waived her right to file a reinstatement petition because she had not preserved the issue of whether her IRE was constitutional.

By the time the claimant's appeal reached this Court, *Protz II* had been decided. We held that because the claimant filed for reinstatement of her benefits within three years of her last compensation payment as permitted by Section 413(a) of the Act, 77 P.S. §772, she was entitled, as a matter of law, to seek modification of her disability status based upon the *Protz* holding. We also held, however, that where reinstatement of total disability benefits is based upon an unconstitutional IRE, the claimant must demonstrate that she continues to be disabled. She may prove this disability through her own testimony. The burden then shifts to the employer to prove the contrary. We stated that so long as the claimant's testimony is credited, and the employer presents no credited evidence to the contrary, the claimant is entitled to reinstatement as of the date the reinstatement petition is filed. *Whitfield*, 188 A.3d at 616.

4

The *Whitfield* court further explained:

> Our decision today does not impose any new legal consequences based upon a past transaction. Simply because *Protz II* is being applied to a case that arose from a work injury and a change in disability status that predates it does not mean it operates retroactively . . . . It would be retroactive if it related back and gave a prior transaction a legal effect different from that which it had under the law in effect at the time . . . . *This decision does not alter [the claimant's] past status. Rather, it gives effect to the [claimant's] status as it existed at the time [ ]he filed [his] reinstatement petition, which was filed within the statutory timeframe for filing such petitions.*

*Whitfield*, 188 A.3d at 617 (emphasis added; citations omitted).

This Court reaffirmed the *Whitfield* decision in *Weidenhammer*, 232 A.3d at 996. There, the Board denied the claimant's request for a reinstatement of total disability status under Section 413(a) of the Act, 77 P.S. §772, because more than three years had elapsed since her last payment of disability compensation. Before this Court, the claimant argued that the *Protz II* decision "voided her IRE *ab initio*" and, thus, she was entitled to a reinstatement of total disability compensation. *Weidenhammer*, 232 A.3d at 989. The claimant also contended that *Whitfield* was wrongly decided and should be overruled, because it "is contrary to the directive that the Act be liberally construed in favor of the injured worker." *Weidenhammer*, 232 A.3d at 995. We rejected the claimant's argument and held that "the ruling in *Protz II* was not intended to be given a fully retroactive effect," *i.e.*, to authorize reinstatement per se, and narrowed "the availability of [its] new rule of law to litigants who had preserved the issue" during direct review.[5] *Weidenhammer*, 232

---

[5] For example, in *Dana Holding Corporation v. Workers' Compensation Appeal Board (Smuck)*, 232 A.3d 629 (Pa. 2020), the claimant was challenging the change in his disability status before a WCJ when this Court decided *Protz I*, and the Supreme Court decided *Protz II* while the claimant's

A.3d at 995. *See also Rose Corporation v. Workers' Compensation Appeal Board (Espada)*, 238 A.3d 551, 564 (Pa. Cmwlth. 2020) (the Board's adjudication that the claimant was entitled to reinstatement of total disability benefits as of the date he filed the reinstatement petition was consistent with Act 111,[6] the Act, and precedent); *White v. Workers' Compensation Appeal Board (City of Philadelphia)*, 237 A.3d 1225, 1231 (Pa. Cmwlth. 2020), *appeal denied*, 244 A.3d 1230 (Pa. 2021) (because the claimant's modification from total to partial disability was effective in 2013 and had not been appealed, the claimant was entitled to reinstatement as of the date of her reinstatement petition, not the effective date of the change in her disability status from total to partial).

Here, Claimant did not file his petition seeking reinstatement of benefits until February 21, 2019, after the Supreme Court's decision in *Protz II* was issued. In support of his reinstatement petition, Claimant testified in person before the WCJ that he continues to be disabled as a result of the August 22, 2004, work injury. The WCJ credited Claimant's testimony and granted his reinstatement petition as of the date he petitioned for reinstatement. The WCJ's decision is consistent with *Whitfield* and its progeny. The Board did not err in affirming the WCJ's decision.

---

appeal of the WCJ's decision was pending before the Board. The claimant appealed the modification of his status to this Court, and we held that *Protz II* applied retroactively to invalidate IREs for cases where the underlying IRE was still being actively litigated at the time *Protz II* was decided. On further appeal, the Supreme Court affirmed and held that the retroactive application of *Protz II* is limited to "cases pending on direct appeal in which the constitutional challenge has been raised and preserved." *Dana Holding*, 232 A.3d at 649.

[6] In October 2018, several months after this Court's decision in *Whitfield*, the General Assembly enacted the Act of October 24, 2018, P.L. 714, No. 111 (Act 111), adding Section 306(a.3) of the Act, 77 P.S. §511.3. Act 111 altered the criteria for determining whether a claimant's disability is total or partial, providing that an impairment rating of 35% or more constitutes total disability. Section 306(a.3)(2) of the Act, 77 P.S. §511.3(2). Act 111 also provided that future IREs are to be performed pursuant to the Sixth Edition (second printing April 2009) of the AMA Guides. Section 306(a.3)(1) of the Act, 77 P.S. §511.3(1).

Claimant further argues that the Board's adjudication violates the Remedies Clause contained in Article I, Section 11 of the Pennsylvania Constitution, PA. CONST. art. I, §11, because it deprives him of a vested right to workers' compensation benefits and improperly gives force to an unconstitutional statute. However,

> [the Pennsylvania Supreme Court] limited the scope of the protection to vested rights: "It must be something more than a mere expectation, based upon an anticipated continuance of existing law. It must have become a title, legal or equitable, to the present or future enforcement of a demand, or a legal exemption from a demand made by another."

*Konidaris v. Portnoff Law Associates, Ltd.*, 953 A.2d 1231, 1242 (Pa. 2008) (citing *Lewis v. Pennsylvania R. Co.*, 69 A. 821, 823 (Pa. 1908)).

> Section 413(a) of the Act provides that

> [a] [WCJ] . . . may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its [WCJ], upon petition filed by either party . . . , upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased . . . .

77 P.S. §772. As such, there are no vested rights in workers' compensation benefits. *See also Perillo v. Workers' Compensation Appeal Board (Extended Healthcare Services, Inc.)* (Pa. Cmwlth., No. 649 C.D. 2020, filed March 3, 2021) (unreported), slip op. at 4-5 (the claimant has no vested right to workers' compensation benefits;

there is no entitlement to reinstatement of total disability; and the Remedies Clause does not apply).[7]

In sum, because Claimant did not challenge the October 7, 2010, IRE until after *Protz II* was decided, he is in the same position as the claimant in *Whitfield*, 188 A.3d 599, and is entitled to a reinstatement of total disability benefits as of the date on which he filed his reinstatement petition. Under Section 413(a) of the Act, 77 P.S. §772, Claimant has no vested right to workers' compensation benefits. Accordingly, we affirm the adjudication of the Board.

_____
MARY HANNAH LEAVITT, President Judge Emerita

---

[7] An unreported decision, issued after January 15, 2008, may be cited for its persuasive value in accordance with Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

George White, : 
                Petitioner : 
: 
        v. :   No. 688 C.D. 2021
: 
City of Philadelphia (Workers' : 
Compensation Appeal Board), : 
            Respondent : 

## **O R D E R**

AND NOW, this 29th day of April, 2022, the adjudication of the Workers' Compensation Appeal Board, dated May 27, 2021, is hereby AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge Emerita