IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christine A. Farmbry, : 
                  Petitioner : 
                             : No. 1359 C.D. 2022
            v.               : Submitted: October 10, 2023
                             : 
City of Philadelphia (Workers' : 
Compensation Appeal Board), : 
                  Respondent : 

BEFORE:   HONORABLE ANNE E. COVEY, Judge
          HONORABLE LORI A. DUMAS, Judge
          HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT                    FILED:  January 18, 2024


Christine A. Farmbry (Claimant) petitions for this Court's review of the November 9, 2022, adjudication of the Workers' Compensation Appeal Board (Board) that modified Claimant's total disability benefits to partial on the basis of an impairment rating evaluation (IRE) performed pursuant to Act 111 of 2018 (Act 111).[1]  Claimant contends that Act 111 is unconstitutional because it violates the remedies clause of our Pennsylvania Constitution[2] as well as separation of powers. Discerning no merit to these arguments, we affirm the Board's adjudication.

The facts of the case are not in dispute.  On March 28, 2017, Claimant sustained work-related injuries to her left elbow, forearm, shoulder, and rotator cuff as a police officer with the City of Philadelphia (Employer).  Employer issued a

_____

[1] Section 306(a.3) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of October 24, 2018, P.L. 714, No. 111, 77 P.S. §511.3.

[2] PA. CONST. art. I, §11.

Notice of Compensation Payable (NCP) and amended NCPs, which all recited a weekly compensation rate of $995 and that Employer paid salary continuation benefits under what is known as the Heart and Lung Act[3] in lieu of workers' compensation. On July 2, 2019, the parties executed a supplemental agreement modifying Claimant's compensation rate to $258.39 based upon her June 5, 2019, return to work at light duty.

On February 3, 2021, Lynn Yang, M.D., who is board certified in physical medicine and rehabilitation, conducted an examination of Claimant and issued a report in which she concluded that Claimant had a whole-person impairment rating of 16% based on the American Medical Association's Guides to the Evaluation of Permanent Impairment (AMA Guides), Sixth Edition (second printing April 2009). Based on this determination, Employer filed a modification petition. After a hearing, the workers' compensation judge (WCJ) modified Claimant's workers' compensation disability benefits, from total to partial, as of February 3, 2021. Claimant appealed to the Board, and in an adjudication dated November 9, 2022, the Board affirmed the WCJ's decision. Claimant then petitioned for this Court's review.

On appeal,[4] Claimant argues that the Board erred because Act 111 is unconstitutional. A change to workers' compensation benefits may be applied only to injuries that occur after Act 111's effective date of October 24, 2018. Retroactive application of Act 111 deprived Claimant of her "due process rights to the property interest in [her] benefits." Claimant Brief at 12. In addition, Claimant argues that

---

[3] Act of June 28, 1935, P.L. 477, *as amended*, 53 P.S. §§637-638.

[4] We review the Board's adjudications to determine whether errors of law were made, whether constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. *Lehigh County Vo-Tech School v. Workmen's Compensation Appeal Board (Wolfe)*, 652 A.2d 797, 799 (Pa. 1995).

Act 111 effects an unconstitutional delegation of legislative authority to private persons rather than governmental agencies, a defect identified in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017). Claimant acknowledges that this Court rejected these very arguments in *Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania Coal Company, LLC)*, 252 A.3d 1169 (Pa. Cmwlth.), *appeal denied*, 261 A.3d 378 (Pa. 2021), but she argues that we should reconsider *Pierson* and invalidate Act 111.

Employer responds that the Board properly modified Claimant's disability benefits from total to partial under Act 111. Claimant's constitutional arguments have been considered and rejected by this Court on numerous occasions. Further, the General Assembly can adopt, as its own, a particular set of standards already in existence, and it did so in Act 111 by choosing the standards in the Sixth Edition of the AMA Guides. This is not an unconstitutional delegation of legislative authority. Employer Brief at 9 (citing *Hutchinson v. Annville Township (Workers' Compensation Appeal Board)*, 260 A.3d 360 (Pa. Cmwlth. 2021)).

We begin with a review of the applicable legal principles. Act 111 states, in pertinent part, as follows:

> (1)  When an employe has received total disability compensation pursuant to clause (a) for a period of one hundred four weeks . . . the employe shall be required to submit to a medical examination . . . to determine the degree of impairment due to the compensable injury, if any. The degree of impairment shall be determined based upon an evaluation by a physician . . . pursuant to the most recent edition of the [AMA Guides], 6th edition (second printing April 2009).
> (2)  If such determination results in an impairment rating that meets a threshold impairment rating that is equal to or greater than thirty-five per centum . . . the employe shall be presumed to be totally disabled and shall continue to receive total disability compensation benefits . . . . If such determination results in an

3

> impairment rating less than thirty-five per centum impairment . . . the employe shall then receive partial disability benefits under clause (b)[.]

Section 306(a.3) of the Workers' Compensation Act (Act), 77 P.S. §511.3.[5]  In sum, where a claimant has collected total disability for 104 weeks, she may be required to undergo an impairment rating.  Unless the claimant has an impairment of at least 35%, the claimant's disability benefits can be modified to partial disability.

In her first issue, Claimant argues that Act 111 deprived her of a vested property right to total disability benefits in violation of the remedies clause of the Pennsylvania Constitution.  Article I, section 11 of the Pennsylvania Constitution, known as the Remedies Clause, states, in pertinent part, as follows:

> All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay.  Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct.

PA. CONST. art. I, §11.

We reject Claimant's premise that she has a vested right to total disability benefits.  Section 413(a) of the Act states, in relevant part, as follows:

---

[5] Section 3 of Act 111 further provides, in pertinent part, as follows:

> (1) For the purposes of determining whether an employee shall submit to a medical examination to determine the degree of impairment and whether an employee has received total disability compensation for the period of 104 weeks under section 306(a.3)(1) of the act, an insurer shall be given credit for weeks of total disability compensation paid prior to the effective date of this paragraph. This section shall not be construed to alter the requirements of section 306(a.3) of the act.

> (2) For the purposes of determining the total number of weeks of partial disability compensation payable under section 306(a.3)(7) of the act, an insurer shall be given credit for weeks of partial disability compensation paid prior to the effective date of this paragraph.

77 P.S. §511.3, Historical and Statutory Notes.

4

> [The WCJ] . . . may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the [D]epartment [of Labor and Industry] or its [WCJ], upon petition filed by either party . . . , upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased[.]

77 P.S. §772. In *Perillo v. Workers' Compensation Appeal Board (Extended Healthcare Services, Inc.)* (Pa. Cmwlth., No. 649 C.D. 2020, filed March 3, 2021) (unreported), this Court held that a claimant has no vested right to workers' compensation benefits by reason of Section 413(a) of the Act.[6] Accordingly, Act 111 does not offend the remedies clause. *See also Pennsylvania AFL-CIO v. Commonwealth*, 219 A.3d 306 (Pa. Cmwlth. 2019), *aff'd per curiam*, (Pa., No. 88 MAP 2019, filed August 18, 2020).

In *Pierson*, 252 A.3d at 1179, we addressed the retroactive application of Act 111 as follows:

> While [the c]laimant, here, argues that he has a right to benefits as calculated at the time of injury, there are reasonable expectations under the Act that benefits may change. We acknowledge that a claimant retains a certain right to benefits until such time as he is found to be ineligible for them. However, claimants, such as the one in the matter before us, did not automatically lose anything by the enactment of Act 111. Act 111 simply provided employers with the means to change a claimant's disability status from total to partial by providing the requisite medical evidence that the claimant has a whole body impairment of less than 35%, after receiving 104 weeks of [temporary total disability] benefits.

---

[6] An unreported decision, issued after January 15, 2008, may be cited for its persuasive value in accordance with Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

In short, we held that "[the c]laimant's 'vested rights' have not been abrogated by Act 111." *Pierson*, 252 A.3d at 1180.

Next, Claimant asserts that Act 111 violates the separation of powers required by the Pennsylvania Constitution.[7]  However, this issue has also been addressed by this Court in *Pierson*, where we quoted *Pennsylvania AFL-CIO*, 219 A.3d 306.  Specifically, in *Pennsylvania AFL-CIO*, we explained as follows:

> The non-delegation doctrine does not prohibit the General Assembly from "adopting as its own a particular set of standards which already are in existence at the time of adoption."  That is what the General Assembly did here – it adopted the Sixth Edition, second printing, which PA AFL-CIO admits was in existence when Section 306(a.3) was enacted, "as its own." When such an adoption occurs, the General Assembly is exercising its legislative and policy making authority by deciding that it is those particular standards that will become the law of this Commonwealth.  It is not delegating its authority to legislate. The General Assembly made a policy decision regarding the standards that will apply to IREs in the Commonwealth going forward.

*Pennsylvania AFL-CIO*, 219 A.3d at 316 (quoting, in part, *Protz*, 161 A.3d at 838) (emphasis in original omitted).

By reason of Section 413(a) of the Act, Claimant does not enjoy a vested right to workers' compensation benefits.  *Pierson* and *Pennsylvania AFL-CIO* established that the application of Act 111 to injuries that occurred prior to the effective date of October 24, 2018, is constitutional, and the legislature did not delegate its legislative authority in adopting, as its own standards, the Sixth Edition (second printing) of the AMA Guides.

---

[7] Article II, section 1 of the Pennsylvania Constitution states that "[t]he legislative power of this Commonwealth shall be vested in a General Assembly, which shall consist of a Senate and a House of Representatives."  PA. CONST. art. II, §1.

For the foregoing reasons, we affirm the adjudication of the Board, which affirmed the WCJ's decision to modify Claimant's workers' compensation disability benefits, from total to partial, effective February 3, 2021.

_____
MARY HANNAH LEAVITT, President Judge Emerita

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christine A. Farmbry,      :
         Petitioner      :
         :      No. 1359 C.D. 2022
         v.      :
         :
City of Philadelphia (Workers'      :
Compensation Appeal Board),      :
         Respondent      :

# **O R D E R**

AND NOW, this 18th day of January, 2024, the November 9, 2022, adjudication of the Workers' Compensation Appeal Board, in the above-captioned matter, is AFFIRMED.

_____

MARY HANNAH LEAVITT, President Judge Emerita